## MONTGOMERY *v.* MIDDLEMISS.

The decree in an action to foreclose a mortgage concludes the rights of all parties to the action, and the sale under it, consummated by the Sheriff's deed, passes, as against them, the entire estate held by the mortgagor at the date of the mortgage. The purchaser as against such parties is entitled upon the receipt of his deed to the possession of the premises, and, if necessary, to the aid of the Court in enforcing its delivery—and his right to this aid is not affected by the fact that pending the action the plaintiff may have executed to one of the parties defendant a conveyance of the whole or a portion of the premises embraced in the decree.

The purchaser at a sale under a decree of foreclosure of a mortgage is entitled to a writ of assistance, although the decree in the foreclosure action contains no direction to deliver the possession, and although at the time of the application no preliminary order for such delivery of possession has been made by the Court.

All that is requisite to obtain the writ as against the parties, and those claiming with notice under them after the commencement of the action, is to furnish to the Court proper evidence of a presentation of the deed to them, and a demand of the possession, and their refusal to surrender it.

Appeal from the Fifteenth Judicial District.

On the twenty-seventh day of October, 1858, the plaintiff, A. Montgomery, commenced an action to foreclose a mortgage executed to him by one Geo. Wilson in 1855, upon certain land in Colusa County, and to this action said Wilson and the respondent, James Middlemiss, and others, alleged to have, or claim, some interest in the premises, were made parties defendants, and duly served with process. Pending this suit, and on the nineteenth day of December, 1859, the plaintiff executed to the defendant, Middlemiss, a quit-claim deed for that portion of the mortgaged premises of which possession is sought by this proceeding.

On the ninth day of May, 1861, a decree was rendered in the foreclosure suit against all the defendants therein in the usual form, directing a sale of the mortgaged premises, including the portion conveyed to Middlemiss, and in pursuance of the decree, a sale was had at which plaintiff became the purchaser, and at the expiration of six months, no redemption having been made, he received the Sheriff's deed.

The decree did not, in terms, order a delivery of the possession

to the purchaser. Plaintiff exhibited his Sheriff's deed to Middlemiss who was occupying that portion of the premises covered by his deed, and demanded from him the possession, which was refused. And thereupon, without obtaining any preliminary order, plaintiff applied to the Court for a writ of assistance. The application was resisted by Middlemiss, and after a hearing, was denied by the Court, and from the order denying the application, the present appeal is taken by plaintiff.

*Geo. Cadwallader*, for Appellant.

The case involves this proposition:

A commences a suit to foreclose a mortgage, and to that suit B is a party defendant. Prior to the decree in such suit, A quitclaims to B a part of the mortgaged premises, and then goes on and enters up a final decree for the sale of the whole of the mortgaged premises, under which a sale is had and thereat A becomes the purchaser, and the statutory time elapsing without a redemption, obtains a Sheriff's deed for the mortgaged premises, embracing the part previously quitclaimed to B. Thereupon, after notice and the exhibition of his Sheriff's deed to B in possession of the land quitclaimed to him, A asks to have his decree executed against him through the form of a writ of assistance.

Is A entitled thereto or not, is the question.

It was assumed on the argument that this proceeding on the part of A involved a kind of moral obliquity, which, while it did not alter his title or give his land-to somebody else, would deny to him that prompt and efficacious relief which Courts of Equity for a century have extended to purchasers at mortgage sales.

The extent of A's offending, concentrated, is that he quitclaimed his right, title, and interest, to a tract of land to which he possessed neither "right, title, nor interest."

Now, it has never been contended that such a deed was an affirmance on the part of a vendor of any particular estate or interest or ownership in the land, that bound him in the event of any deficiency in the land described to make it good; but, on the contrary, its operation is as a mere release from the vendor to the vendee of the existing interest of the former. Neither in honor, nor

morals, nor law, is he compelled to convey to his vendee any estate that he might thereafter acquire in the premises described in his deed.

Thus, in *San Francisco* v. *Lawton,* (18 Cal. 475) Chief Justice Field said:

"A quitclaim deed only purports to release and quitclaim whatever interest the grantor possesses at the time. He does not thereby affirm the possession of any title, and he is not precluded from subsequently acquiring a valid title and attempting to enforce it. If he does not possess any title, none passes, and he may subsequently deny that any passed, without subjecting himself to any imputation of a want of good faith."

In this case, Montgomery acquired a valid title to the premises in controversy, after the execution of his quitclaim deed to Middlemiss, which he is now trying to enforce, and he is not estopped from so doing by his quitclaim deed. (*Clark* v. *Baker,* 14 Cal. 612; 2 Washburn Real Property, 466.)

The decree of the ninth of May, 1861, was a finality as to all parties, either plaintiff or defendant thereto, for it was the sentence of a Court of competent jurisdiction. Whatever rights the parties had to the mortgaged premises were merged in said decree—in it all anterior rights and stipulations were merged, or rather, defined and fixed, upon principles that govern Courts of Equity—defenses rights, privileges, and agreements, not declared in the decree or reserved therein, are forever gone. A sale under the decree ripening into a Sheriff's deed passes an estate that cannot be questioned by any party to the suit and decree, plaintiff or defendant.

This is a rule of law as well as of equity, and is founded upon the amplest reason. Any other rule would make the decree of a Court of Equity the "merest mockery," and nothing could or would ever be settled, if a party to a decree, against whom its execution was about to be enforced, could plead there an agreement with his attorney, that the decree should not affect his property, or be enforced against him; or that he had a certain right to part of the premises in litigation that was untouched by said decree, and unaffected thereby. Or, on the other hand, if a plaintiff, reaping the benefit of a sale to a third party, under a decree of a Court of

Equity in his favor, could then turn around and say, that such decree did not award to him the proper measure of justice, and upon proof of such fact, overturn it, the same endless litigation and confusion would result, and Courts of Law as well as Courts of Equity would be constantly employed in revising decrees of the latter Court, though made final by statute after the expiration of the time allowed by law for appeal. (*Reynolds* v. *Harris*, 14 Cal. 678; *Montgomery* v. *Tutt*, 11 Id. 191; *Skinner* v. *Beatty*, 16 Id. 157; *Horn* v. *Volcano Water Co.*, 18 Id. 141.)

*Belcher & Belcher*, for Respondent.

I.   There was no order to deliver possession either in the decree or made by the Court. (*Montgomery* v. *Tutt*, 11 Cal. 193.)

II.   A mortgagee has an equitable interest in the land mortgaged, which a quitclaim deed from him will pass, either by assigning the mortgage or releasing the land from its operation. (*Farmers Loan & Trust Co.* v. *McKinney*, 6 McLean, 1; *Lampsey* v. *Nudd*, 9 Foster, 299; *Niles* v. *Ransford*, 1 Mann. [Mich.] 338.)

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

It is impossible to perceive, from the facts disclosed by the transcript before us, what effect, if any, the quitclaim deed of the mortgagee had upon the rights of Middlemiss.   It was executed during the pendency of the action for the foreclosure of the mortgage, and if available for any purpose it should have been in some form presented to the consideration of the Court before the decree for the sale of the entire premises was entered.   The decree concluded the rights of the parties to the action, and the sale under it, consummated by the Sheriff's deed, passed, as against them, the entire estate held by the mortgagor at the date of the mortgage.   As against them, the purchaser was entitled, upon the receipt of his deed, to the possession of the premises, and if necessary, to the aid of the Court in enforcing its delivery.

It is urged by the respondent, in support of the order refusing the writ of assistance, that the decree did not contain any direction to deliver the possession to the purchaser, and that no preliminary

order for such delivery was made by the Court; and as sustaining the objection, the case of *Montgomery* v. *Tutt*, (11 Cal. 193) is cited. In that case we referred to the steps required under the old chancery practice to obtain the writ, and observed that "in our system, the order to deliver possession should be first made, unless a direction to that effect is contained in the decree, and if upon its service that is disregarded, the Court can at once direct the writ to issue. If delivery of possession to the purchaser is directed by the decree, no preliminary order will be requisite; but upon proof of disobedience to the decree, the party will be entitled, as a matter of course, to the writ as against the defendants in the suit." Upon further consideration of the subject in later cases, we have come to the conclusion that the preliminary order may be omitted even where no direction for the delivery of possession is contained in the decree. The legal effect of the decree is the same without the direction. (*Horn* v. *Volcano Water Company*, 18 Cal. 145.) All that is requisite to obtain the writ, as against the parties and those claiming with notice under them after the commencement of the action, is to furnish to the Court proper evidence of a presentation of the deed to them, and a demand of the possession, and their refusal to surrender it.

It follows that the order of the District Court refusing the writ must be reversed, and that Court directed to issue the writ pursuant to the petition of the plaintiff; and it is so ordered.