## HILL *v.* TAYLOR.

THE purchaser at judicial sale of a mining claim may, where the judgment debtor remains in possession, working the claims, and is insolvent, have a receiver appointed to take charge of the proceeds during the period allowed by statute for redemption.

The complaint stated that at a foreclosure sale plaintiff purchased an undivided one-third interest in a tract of mining ground; that the mortgagor was in possession and insolvent, and in connection with the owners of the other interests was working the claim and taking the proceeds; that before the expiration of the period of redemption the claim would be worked out and its value destroyed, and prayed judgment for the amount already received by the debtor since the sale, and that during the period of redemption a receiver be appointed to take charge of the proceeds : *held,* that on the facts stated plaintiff was entitled to the relief sought, and that an order sustaining a general demurrer to the complaint was erroneous.

The working of mines is something more than the ordinary use of real estate by one in possession, and requires the use of more than ordinary remedies to protect the rights of the purchaser at a judicial sale. It may probably be restrained as waste, under Sec. 235 of the Practice Act, but the appointment of a receiver is the more appropriate remedy, as it permits the continued working of the claims.

APPEAL from the Seventeenth Judicial District.

The facts are stated in the opinion.

*Vanclief & Bowers,* for Appellant.

As to the right of the plaintiff to receive the rents and profits, or the value of the use and occupation of the premises during the time allowed for redemption, there can be no question.

As to the remedy, it has been settled that where the mortgagor or judgment debtor is in possession, he receives and holds the profits as trustee for the purchaser, and that whenever the trust fund is in danger of loss a Court of Equity will take possession of it by means of a receiver. (*Harris* v. *Reynolds,* 13 Cal. 518; *Reynolds* v. *Harris,* 14 Id. 676.)

*Creed Haymond,* for Respondent.

The case presents the question: Whether in every case of the sale of mining claims under judicial decree the purchaser is en-

titled to a receiver of the value of the use and occupation thereof during the time allowed by law for redemption. In *Grey* v. *Ide* (6 Cal. 99), which was an application for the appointment of a receiver in a foreclosure case, *pendente lite*, the Court say : " The estate remains that of the mortgagor in the character of an owner, and must continue so with all the incidents of ownership, until by a foreclosure and sale a new owner is substituted." No new owner is substituted until the sale under decree is consummated by conveyance (Sheriff's Deed). (*McMillan* v. *Richards*, 9 Cal. 365 ; *Knight* v. *Fair*, 9 Id. 117 ; *Goodenow* v. *Ewer*, 16 Id. 462.) Consequently, the reasoning of the Court in *Guy* v. *Ide* applies with equal force to this case.

In *Harris* v. *Reynolds* (13 Cal. 518), cited by appellants, there were many equitable circumstances not existing in this case ; the last five lines of the decision in *Harris* v. *Reynolds*, the only portion of the decision that in the least supports appellant's position, is mere *dicta*, utterly at variance with the principles laid down in the cases cited by respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

The complainant in this action avers that the defendants are a mining company ; that Taylor, one of the defendants, was the owner of one-third of the mining claims of the company and mortgaged the same to one Conley, who assigned the mortgage to the plaintiff ; that he foreclosed the mortgage, and on the twelfth day of April, 1862, purchased the interest mortgaged at the sale under the decree of foreclosure ; that a certificate of sale duly issued to him ; that the defendants are working the claims and taking out gold therefrom ; that the dividends upon said one-third interest have been from seventy-five to one hundred dollars per month, and will amount to about that sum in future ; that Taylor is still in possession of said one-third part, and receiving the dividends ; that he has demanded of Taylor and the defendants the proceeds of said third part, over and above the expenses of working, and the value of the use and occupancy thereof, which they have refused to pay to him ; that the claims will be worked out and exhausted before the six

Hill *v.* Taylor.

months allowed by law for redemption will have expired, and will then be of no value, and that Taylor is insolvent and has no property subject to execution. The complaint prays that the defendants be required to pay him the proceeds of the one-third interest over and above the expenses of working the same, and that a receiver be appointed to receive the proceeds during the pendency of the suit. To this complaint the defendants demurred—first, because the complaint did not state facts sufficient to constitute a cause of action; second, because of a misjoinder of parties in joining the other members of the company as defendants with Taylor. The Court sustained the demurrer, and entered judgment for the defendants, dismissing the complaint, from which the plaintiff appeals to this Court.

The only question submitted is, whether the complaint states sufficient facts to entitle the plaintiff to the relief prayed for. We think it does, and the Court below, therefore, erred in dismissing it. Sec. 143 of the Practice Act provides that " a receiver may be appointed by the Court in which the action is pending, or by a Judge thereof. First, before judgment, provisionally, on the application of either party, when he establishes a *prima facie* right to the property, or to an interest in the property which is the subject of the action, and which is in possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially injured or impaired." The case made by the complaint is clearly within this provision of the Practice Act. It avers that the claim will be worked out and exhausted before the six months allowed for redemption will have expired, and that it will then be of no value, and that Taylor is insolvent. The demurrer admits these facts to be true ; and if true, it shows that the property purchased by plaintiff at the sale, as well as its rents and profits, are in danger of being entirely lost to him unless a receiver be appointed. The plaintiff is entitled, under the law, to the property purchased by him at the foreclosure sale, and to its rents and profits, or the value of the use and occupation thereof from the time of the sale up to the date of any redemption made. In this case, Taylor, the judgment defendant and mortgagor, is receiving all the profits from the property, and as he is insolvent, they will

be entirely lost to the plaintiff unless a receiver is appointed.    The working of the mines, and the extraction of the gold therefrom, is something more than the common, ordinary use of real estate by one in possession, and requires the use of more than the ordinary remedies to protect the rights of the purchaser.    It constitutes a waste or destruction of the very property itself, or all that is of any essential value ; and as such might perhaps be restrained, under the provisions of Sec. 235 of the Practice Act.    But it is for the interest of all parties that a receiver be appointed rather than stop the working of the claims entirely.    The averments in this complaint bring the case within the principles laid down by this Court in the case of *Harris* v. *Reynolds* (13 Cal. 514).

Judgment reversed and cause remanded.