[Sac. No. 183. In Bank.—February 26, 1898.]

# EDWARD T. PURSER, Respondent, v. FRANK P. CADY, Appellant.

SALE UNDER EXECUTION—TITLE OF PURCHASER.—Upon a sale of real property under execution, the purchaser who obtains the sheriff's deed becomes the successor in interest of the judgment debtor as of the date of the docketing of the judgment, and is entitled to the possession of the property as against all persons claiming under the judgment debtor by title derived subsequently to his own.

ID.—FORECLOSURE OF LIEN—LIS PENDENS—RELATION OF DEED—REVERSAL OF JUDGMENT.—Upon the commencement of an action to foreclose a lien upon real property, the filing of a notice of *lis pendens* gives constructive notice of the claim of lien to a purchaser of the real property under execution pending the foreclosure, and a deed under the foreclosure would relate to the date of the lien, if established by the judgment of foreclosure; but the priority of the lien over the execution sale is not established by the *lis pendens* merely, but must be shown by other competent evidence; and where neither the complaint nor the judgment states the date of the lien, and the judgment foreclosing it is reversed for insufficiency of the complaint to show a lien, the title acquired under the sale cannot extend by relation beyond the commencement of the action, and cannot prevail over the title of the execution purchaser, if his judgment was docketed prior thereto.

ID.—TITLE ACQUIRED BY PLAINTIFF—EFFECT OF REVERSAL.—The title acquired by a plaintiff at a sale upon his own judgment is affected by any defect in the proceedings by virtue of which the judgment is reversed.

ID.—PROTECTION OF GRANTEE OF PLAINTIFF—QUERY?—The question whether the grantee of a plaintiff who has purchased property at a sale under his own judgment is affected by the reversal the same as would be the plaintiff, or as to how far he may claim protection as a *bona fide* purchaser, without notice of the appeal, if at all, referred to, but not decided.

ID.—EVIDENCE—EXISTENCE OF LIEN—JUDGMENT OF FORECLOSURE—PARTIES—APPEAL.—The judgment of foreclosure is not evidence of the existence of the lien as against an execution purchaser who was not a party to the foreclosure suit, and does not preclude him from contesting the title acquired under the foreclosure sale; nor can such judgment have any effect as evidence of the facts therein determined pending an appeal therefrom; and it is necessary for one claiming title under the foreclosure sale to prove the existence of the lien by other evidence than the judgment-roll in the action of foreclosure, and if no other proof is offered no lien is shown to exist, and the title acquired under the sale cannot antedate the sale.

FORECLOSURE OF MORTGAGE—EFFECT OF SALE—RIGHT OF POSSESSION.—A sale under the foreclosure of a mortgage confers no right of possession upon the purchaser; but until the time for a redemption from the sale has expired, the judgment debtor or his successor in interest is entitled to the possession.

APPEAL from a judgment of the Superior Court of the County of Lassen. W. T. Masters, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, and A. E. Bolton, for Appellant.

Shinn & Shinn, and A. L. Shinn, for Respondent.

HARRISON, J.—This action involves the right to the possession of certain property in Lassen county, described in the complaint as a storage reservoir known as the Ball's Canyon reservoir or Ward lake, together with a canal leading therefrom in an easterly direction, known as the Eagle Lake Company Canal, and also a certain ditch or water right connected therewith. The action was commenced April 3, 1895, and the trial thereof had April 23d, and judgment was entered July 12, 1895. It was admitted at the trial that the Eagle Lake Land and Irrigation Company, a corporation, was the common source from which the plaintiff and the defendant each claimed to have derived title to the property—the controversy between them being to determine the priority of their respective titles.

The plaintiff in support of his claim to the property offered in evidence the judgment-roll in an action brought by T. C. Riggs against the Eagle Lake Land and Irrigation Company to recover for certain labor and services performed by him for the corporation, and to foreclose a lien therefor against its property. This action was commenced January 12, 1894, and a notice of *lis pendens* filed with the county recorder on the same day, and judgment therein was entered February 5, 1894, in favor of the plaintiff and against the defendant for the sum of five hundred and twenty-six dollars and twenty-five cents for labor and services performed by him for the corporation, and declaring the same to be a lien upon the property above described, and directing a sale of the same to satisfy said amount of money. Upon this judgment an execution and order of sale was issued, by virtue of which the said property was sold to Riggs, the plaintiff therein, March 24th, and on October 2, 1894, the sheriff executed to him his deed therefor. An appeal to the supreme court from this judgment was taken by the corporation January 31, 1895, and was pending and undetermined at the trial of the present

action. The plaintiff also offered in evidence the judgment-roll in an action brought by him to foreclose a mortgage executed to him by the corporation May 24, 1892, upon the storage reservoir (and certain other property not described in the complaint herein), as security for its promissory note. This action was commenced March 26, 1894, and judgment was entered therein in accordance with the prayer of the complaint December 4, 1894. Under this judgment the storage reservoir was sold to the plaintiff January 7, 1895, and a certificate of sale issued to him.

The defendant offered in support of his claim to the property the judgment-roll in an action brought by him against the corporation April 14, 1893, in which judgment was entered in his favor and against the corporation June 13, 1893, for the sum of four thousand one hundred and seventeen dollars and seventy-five cents, and docketed against the defendant therein. The date upon which the judgment was docketed is not shown by the bill of exceptions, but it is stated in respondent's brief that it was docketed the same day upon which the judgment was entered, viz., June 13, 1893. Upon this judgment an execution was issued January 25, 1894, and the property described in the complaint was sold thereunder to the defendant February 23, 1894, and a sheriff's deed issued to him August 24, 1894, purporting to convey to him all the title and interest which the judgment debtor had in said property on the thirteenth day of June, 1893, or at any time thereafter.

Judgment was rendered in favor of the plaintiff, and the defendant has appealed, presenting his appeal upon the judgment-roll and a bill of exceptions.

Upon the issuance by the sheriff to the defendant of the deed for the property sold to him under his judgment against the corporation, the defendant became the successor in interest of the corporation and entitled to the possession of the property as against it and all others claiming under it by title derived subsequent to his own. Prior to this sale to the defendant, Riggs had commenced the action to foreclose his alleged lien upon the property of the corporation, and by filing the notice of *lis pendens* the defendant had such constructive notice of the claim of Riggs as to make his purchase of the property pending the action subject to that claim. If judgment in that case should establish

the lien which was claimed therein, a sale in satisfaction thereof
would relate to the date of the lien, and, if that lien was prior
to the date of the lien under which the defendant purchased,
the title of the purchaser would prevail over his. The judgment
in the action was entered February 5, 1894, and declared that
the amount of the plaintiff's claim "is a valid lien" upon the
property described in the complaint; but neither in the judgment
nor in the complaint is there any statement of the time at which
the lien accrued, and, if the purchaser under this judgment would
claim that the title thus acquired relates to any particular date
prior to the commencement of the action, he must show by
proper evidence that the lien thereby declared did in fact exist
prior to that date. The priority of the lien was not established,
however, by merely filing the notice of *lis pendens*, but must
be shown by other competent evidence. It was held by this
court upon the appeal from that judgment that upon the facts
stated in the complaint the plaintiff was not entitled to a lien.
(*Keener v. Eagle Lake Land etc. Co.*, 110 Cal. 627; *Riggs v. Eagle
Lake Land etc. Co.*, 43 Pac. Rep. 15.) As the date at which
the plaintiff therein claimed that the lien attached to the prop-
erty is not stated in either the judgment or the complaint, the
rules governing the right of a purchaser at a judicial sale, if after-
ward the judgment under which the sale is made is reversed,
would not extend the title of such purchaser by relation beyond
the commencement of the action. In this case, however, Riggs,
the plaintiff in the action, was the purchaser at the sale, and
the rule is well settled that the title acquired by a plaintiff at a
sale upon his own judgment is affected by any defect in the pro-
ceedings by virtue of which the judgment is reversed. It appears
from the bill of exceptions that after the execution of the sheriff's
deed to Riggs the plaintiff herein took a conveyance of the prop-
erty from Riggs and paid him therefor the sum of four hundred
and fifty dollars, but whether such conveyance was before or after
the appeal from the judgment had been taken, or whether it was
with or without notice of such appeal, is not shown. Whether
the grantee of a plaintiff who has purchased property at a sale
under his own judgment is affected by a reversal of the judgment,
the same as would be the plaintiff, has been decided differently
by different courts, and need not be decided in the present case.

(See *Rector v. Fitzgerald,* 59 Fed. Rep. 808, where many of the cases on each side of this question are presented.) The defendant herein was not a party to the action of Riggs against the corporation, and the judgment therein declaring that Riggs had a lien upon the property of the corporation does not, as against him, establish the existence of the lien, or preclude him from contesting the title of the purchaser or of his grantee which was acquired at the sale under that judgment. It was necessary for the plaintiff herein to establish the existence of the lien under which he claims his title, by evidence other than that of the judgment. By the appeal from the judgment in favor of Riggs its effect as evidence of the facts therein determined was suspended, and it ceased to be competent evidence of those facts during the appeal. As the only evidence given in support of the lien was the judgment-roll in the action of Riggs, it was insufficient to impair Cady's right to the possession of the property, and, since no lien was shown to exist, the date at which the sale was made to Riggs was the inception of the plaintiff's title under this deraignment, and this, as seen above, was subsequent to the sale to the defendant.

The plaintiff acquired no right to the possession of the property by virtue of the sale to him under the judgment in the action to foreclose his mortgage against the corporation. Until the time for a redemption from this sale had expired, the judgment debtor or its successor in interest in the property was entitled to its possession.

The plaintiff also offered certain evidence tending to show that he had the right of possession of certain property which he claims to be appurtenant to that above described, or to some of it. This property is not specifically described in either the complaint or the judgment, and, as the plaintiff did not establish a right to the property which is described in the complaint and judgment, it is unnecessary to determine whether the other property is or is not appurtenant thereto.

The judgment is reversed.

Garoutte, J., Van Fleet, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.