[S. F. No. 2701.    Department Two.—June 10, 1904.]

MAU, SADLER & CO., Respondent, v. JOSEPH G. KEAR-
NEY, Appellant.

EXECUTION SALE OF FARM—TIME FOR REDEMPTION—RIGHTS OF PUR-
CHASER—ACTION FOR RECEIVER OF CROPS.—The purchaser of a farm
sold under execution cannot, before the expiration of the time for
redemption, bring an action to have a receiver appointed to harvest
and sell the crop and apply the proceeds toward satisfaction of the
judgment. The purchaser during such period is not entitled to the
possession as against the judgment debtor or his successor in in-
terest in possession.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. E. A. Belcher, Judge.

The facts are stated in the opinion of the court.

John H. Durst, for Appellant.

Erwin L. Sadler, for Respondent.

HENSHAW, J.—Plaintiff, having become the purchaser
at execution sale of a farm belonging to defendant, which
farm was encumbered by two mortgages, brought this inde-
pendent action, seeking the appointment of a receiver to take
and hold possession of, harvest, and sell the crop, and apply
the proceeds in satisfaction of the judgment under which
the execution sale was had.

The court granted the application for a receiver, and the
single question involved in this appeal is whether the pur-
chaser at such an execution sale is entitled to possession of
the property sold, prior to the expiration of the period for
redemption, as against the judgment debtor, or his successor
in interest in possession. That he is not entitled to a receiver
under these circumstances is squarely decided in *West* v. *Con-
ant*, 100 Cal. 233, approved in *Scott* v. *Hotchkiss*, 115 Cal. 94,
and again in *Purser* v. *Cady*, 120 Cal. 214, in which last case
it is declared that the right to possession is equally good in
the successor in interest of the judgment debtor. The case
of *Hill* v. *Taylor*, 22 Cal. 191, relied upon by respondent, is

an exceptional case, as pointed out in *White* v. *White,* 130 Cal. 599.[1] The mortgage in *Hill* v. *Taylor* covered a mining claim, and the mortgagor, after the issuance of the certificate of sale, remained in possession and mined the gold in the claim. It was alleged in the complaint that if allowed to continue so to do the value of the property would be impaired, if not destroyed. This, coupled with an allegation of the insolvency of the mortgagor, made a clear case for the appointment of a receiver to prevent waste of the realty.

The judgment appealed from is therefore reversed.

McFarland, J., and Lorigan, J., concurred.