## Smith v. Newman, et al.

(Decided September 28, 1910).

### Appeal from Jessamine Circuit Court.

Rent—Judicial Sale—Right to Rent—Understanding of Purchaser.— It is a well settled general rule in this State that the purchaser at a judicial sale is entitled to the possession of the property purchased when the sale is confirmed, and entitled to the rent from that date, but to this rule there is an exception, that if the purchaser buys the property with the understanding that he is not to get possession until a specified time after the sale, he will not be entitled to it before the time designated.

SAMUEL M. WILSON and HENRY R. NEWTON for appellant.

H. E. ROSS and N. L. BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In July, 1909, the appellant Smith purchased a tract of land at a sale made under a decree of the Jessamine circuit court. At the November term, 1909, the sale was confirmed. In March, 1909, the land sold was rented by the then owner for the year ending March, 1910. The question presented by this appeal is, whether or not the appellant is entitled to the rent that accrued from the date of the confirmation until the expiration of the rental contract. No mention of the lease or reservation of rent or possession was made either in the pleadings, judgment, orders of court, report of sale, or deed to the purchaser. But at the time the sale was made the commissioner of the court making the sale announced that the possession of the land would not be given until the 1st of March, 1910.

It also appears the appellant knew at and before the time he purchased that he would not get possession of the land until March, 1910. Other witnesses who were present at the sale say that an attorney interested in the sale publicly announced that the purchaser would not get possession until March, 1910, or the rent due for the

year then ending. But there is no evidence that the appellant heard this statement in reference to the rent, or that it was made by the commissioner or with his direction or consent; and for the purposes of this case we will assume that it was not stated in terms that the rent would be reserved. It is a well settled general rule in this state that the purchaser at a judicial sale is entitled to the possession of the property purchased when the sale is confirmed and consequently entitled to the rent from that date. Taliaferro, &c. v. Gay, 78 Ky. 496; Ball v. First National Bank of Covington, 80 Ky. 507; Norris v. Williams, 23 Ky. Law Rep. 1497. But, to this rule there is the exception that if the purchaser buys the property with the understanding that he is not to get possession until a specified time after the sale, he will not be entitled to it before the time designated.

Appellant does not complain that he was kept out of the possession of the land until the lease expired, but insists that he was entitled to the rent. So that, the question to be disposed of is, does the fact that the appellant purchased with notice that he would not get possession deprive him of the rent that accrued from the date of the confirmation of the sale until the time fixed when he should get possession.

It is insisted for appellant that although he did not come into the actual possession of the property at the date of confirmation, he was in fact the owner and in legal possession from that date, and so the tenant in the acutal possession was his tenant, and he was entitled to the rent due by him.

On the other hand, the contention is made that the right of possession and rent go together, and that as the purchaser was not entitled to the possession until March 1910, neither was he entitled to the rent accruing up to that time.

It will thus be seen that the case turns upon a very narrow issue. It is true that upon the confirmation of the sale appellant became the legal owner of the land, and except for the fact that he purchased with notice that the right to possession was deferred would have been entitled to the possession at the time, as well as to the rent accruing thereafter. Now, did the fact that the right to possession was postponed have the effect of also postponing the right to the rent? We think so. It is the right to possession coupled with the title that gives the purchaser the right to the rent. If the right

to the possession is postponed by the act of the purchaser or with his consent, the right to the rent is also postponed. The fact that the purchaser becomes the owner does not necessarily give him the right to either the possession or the rent. The seller reserved as he might have done the right to the possession, and this carried with it the right to the use and occupancy of the land during the time he retained possession. As he was entitled to the use and occupation of the land, manifestly he should not be required to pay rent for it during the time he had the right to such use and occupation. It would be a contradiction of terms to say that although the seller reserves the possession and the use and occupation yet he must pay rent, or, to say that although the purchaser is not entitled either to the possession or use of the land that yet he is entitled to rent. The reservation of the use and possession plainly implied that the owner did not intend to pay rent for something that he reserved the right to use and enjoy. The owner had the right to sell, and the purchaser to buy, with the understanding that the right to the use and possession was retained for a certain time. When the purchaser bought under these conditions, how can it be said that he is entitled to rent during the time that he consented the seller might use and enjoy the property. The fact that the land was rented out does not affect the question. The tenant was in possession under the seller who was his lessor. His possession and use was the possession and use of the lessor. The rights of the lessor were the same as if he, and not his tenant, had been in the actual possession. It is the fact that the possession and use were reserved and not the condition or relation of the particular person in the possession and use that controls the question. The principle announced and conclusion reached is we think clearly supported by the case of Taliaferro v. Gay, supra. The facts in that case were that the mortgagee had sold under a decree of court the mortgaged land in 1874, and after getting possession rented it for the year 1875. The sale under which the mortgagee took possession was not confirmed or reported, and so it became necessary to re-sell the land, and this was done in September 1875. The question before the court was, whether the mortgagor or the mortgagee who was purchaser was entitled to the rent for 1875 that accrued before the confirmation of the sale made in the fall of 1875. In considering the case the court said:

"Substantially under the adjudications in this State the legal title to the mortgaged premises, both at law and in equity, remains in the mortgagor during the life of the mortgage, and his right to use and occupy the mortgaged premises of necessity carries with it the right to the proceeds of such use until the title is divested or the rents and profits subjected in the manner and under the circumstances indicated in the section of the Civil Code referred to. * * * If the rent goes with the legal title, and the right to possession begins and ceases with it, the location of the legal title and the right of possession at any given time determines the right to the rents and not the unauthorized assumption of control of the property by the mortgage."

Holding that the mortgagor was entitled to the rent that accrued up to the confirmation of the sale in September 1875, the court further said:

"At that time the purchaser assumed to occupy and control the property as the property of his wards; and it is upon this ground alone that the rents are given to the guardian from the date of confirmation of the report of sale, instead of from the execution and delivery of the deed, the legal title and the possession being united in the guardian at the date of the confirmation of the report of sale."

In Ball v. First National Bank of Covington, supra, the court again announced the doctrine that rents go to the person who has both title and possession or the right to both. But it is attempted to apply here the principle that rents go with the reversion as an incident thereto; in other words, the argument is made that if an owner or lessor rents the land, and then sells the estate owned by him, the purchaser will be entitled to the rents after his purchase. There is no reason to question this doctrine. It was announced in the early case of Williamson v. Richardson, 6 T. H. Mon., 605, and again in Casey v. Gregory, 13 B. Mon., 507. But the essential difference between these two cases, and the one at bar, is that in them there was no reservation of the possession, and both the title and possession passed at the same time to the purchaser; while here, although the title passed, the possession did not.

Counsel for appellant calls attention to the case of Biddle v. Hussman, 23 Mo., 597, as sustaining his contention. In that case the court held, as this court did in the Williamson and Gregory cases, supra, that rents

go with the reversion as an incident thereto; and merely construed the deed involved in that case as not being sufficient to reserve to the vendor the rent. The case turned upon the construction of the language in the deed that it was insisted reserved the rent, and the court held that it did not.

It is further insisted that the rights of the parties are to be determined by the record; and that as the record is silent on the subject of reserving either the rent or possession, the rights of the purchaser cannot be affected by verbal statements made by the commissioner or others. But, upon this point we held to the contrary in Broadwell v. Sammons, 24 Ky. Law Rep., 814, where it is said:

"While generally the purchaser of land at a decretal sale will be entitled to the rents from the date of the confirmation of the sale, yet this does not necessarily always follow. The court may, by order, so direct the sale that it will be otherwise. What the court may properly do in this respect by order we perceive no reason why parties sui juris may not do by agreement. If the statement was made by the executor, as he claims, and if the purchasers bidding at the sale were controlled in their bids by that fact, and the bids, including that of the purchaser, were based upon it, it would be manifestly inequitable to allow the purchaser now to claim three-fourths of the year's rent, notwithstanding the prior assurance and reservation. It would be to give him something that he is not entitled to in good conscience, something that he did not buy, and that he understood at the time that he was not paying for, and did not pay for."

The lower court correctly ruled that the purchaser was not entitled to the rent, and the judgment is affirmed.