[Civ. No. 994.    Third Appellate District.—December 5, 1912.]

## THE HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Respondent, v. NATHANIEL J. BRITTAN, Appellant.

MORTGAGE—DECREE OF FORECLOSURE—COMMISSIONER'S SALE AND DEED—DELIVERY OF POSSESSION—WRIT OF ASSISTANCE—TIME FOR POSSESSION—EXPIRATION OF REDEMPTION.—Where a decree foreclosing a mortgage provides for a commissioner's sale and deed, and adjudges that the purchaser or purchasers at the sale be let into the possession thereof, and that any person who may be in possession of the premises or any part thereof, or "who, since the commencement of this action has come into possession under them or either of them," deliver possession to such purchaser or purchasers, on production of the commissioner's deed for such premises, or any part thereof, and if such possession is refused, a writ of assistance shall forthwith issue, requiring the sheriff to place such purchaser in the quiet possession of the premises, only contemplates a period when such possession becomes lawful, after the expiration of the period allowed for redemption of the premises.

ID.—PROVISION FOR DELIVERY TO PURCHASER NOT REQUIRED IN DECREE. Though it may be the usual practice to insert in a decree of foreclosure a direction that the premises be delivered to the purchaser at the sale; yet it is not necessary to do so under our system, and neither where such a clause is inserted or omitted from the decree can it add to or detract from the jurisdiction or power of the court to enforce its decree, and so put in possession, at the proper time, the purchaser of the property at the foreclosure sale.

ID.—PROVISION FOR WRIT OF ASSISTANCE.—There is no impropriety in making provision in the decree of foreclosure of a mortgage for a writ of assistance to compel any party concluded by the decree to deliver the possession of the premises to the purchaser at the mortgage sale. Such a provision would obviously mean that the writ would issue only when the exigencies of the situation require it, and the purchaser is legally entitled to possession.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco foreclosing a mortgage. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, for Appellant.

· Tobin & Tobin, for Respondent.

HART, J.—This is an appeal, upon the judgment-roll alone, from a decree foreclosing a mortgage upon certain real property of the defendant.

The decree directs the sale of the mortgaged premises by a commissioner named by the court, and further adjudges and decrees that the purchaser or purchasers of said premises at such sale be let into the possession thereof, and that any person or persons who may be in the possession of said premises or any part thereof, or "who, since the commencement of this action, has come into the possession under them, or either of them, deliver possession thereof to such purchaser or purchasers, *on production of the commissioner's deed* for such premises, or any part thereof. And it is further ordered, adjudged and decreed, that in case the purchaser of said premises or any part thereof at said commissioner's sale shall be refused possession thereof, a writ of assistance shall forthwith issue without further notice or order of this court requiring the sheriff . . . to place and maintain said purchaser in the quiet and peaceful possession of said premises, and every part thereof."

It is objected that the foregoing provisions of the decree are erroneous because the purchaser at the commissioner's sale could, by virtue thereof, be let into the possession of the mortgaged premises before the expiration of the time within which said premises may be redeemed.

We do not think the provisions of the decree to which criticism is thus directed should be subjected to the construction which the appellant here gives them. To the contrary, we think they mean and were clearly intended to mean that the purchaser of the mortgaged premises at the commissioner's sale should be entitled to and put into the possession thereof upon the production of the commissioner's deed, showing title in him, only when, under the law, he was rightfully entitled to possession. In other words, since it is true that a purchaser of property at a sale under the foreclosure of a mortgage does not acquire the right to the possession of such property until the time for the redemption from such sale has expired (*Purser* v. *Cady,* 120 Cal. 214, [52 Pac. 489]; *Mau, Sadler & Co.* v. *Kearney,* 143 Cal. 506, [77 Pac. 411]),

it must be assumed that it was not intended by the decree in the case at bar that the purchaser at the commissioner's sale should be put into the possession of the premises until such possession could be legally given, or that the writ of assistance therein provisionally authorized should be issued until its execution would possess legal efficacy, and certainly it would have none if attempted to be invoked in execution of the decree of foreclosure prior to the expiration of the time within which the property may, under the law, be redeemed from the sale.

While perhaps it may be the usual practice to insert in a decree foreclosing a mortgage a direction that the possession of the mortgaged premises be delivered to the purchaser thereof at the foreclosure sale, it is not necessary to do so under our system, nor where such a clause is included in or is omitted from such a decree can it add to or detract from the jurisdiction or power of the court to enforce its decree, and so put in possession, at the proper time, the purchaser of the property at the foreclosure sale. (*Montgomery* v. *Tutt*, 11 Cal. 190; *Horn* v. *Volcano Water Co.*, 18 Cal. 141; *Montgomery* v. *Middlemiss*, 21 Cal. 103, [81 Am. Dec. 146]; *Sichler* v. *Look*, 93 Cal. 600, [29 Pac. 220]; *Hibernia S. & L. Soc.* v. *Lewis*, 117 Cal. 577, [47 Pac. 602, 49 Pac. 714]; *California Mortgage & Sav. Bank* v. *Graves*, 129 Cal. 649, [62 Pac. 259].)  But there is no impropriety in making provision in the decree or judgment, in an action to foreclose a mortgage, for the issuance of the writ to compel any party concluded by such decree or judgment to deliver the possession of the premises to the purchaser at the mortgage sale, and such a provision would obviously mean, as before declared, that the writ would issue only when the exigencies of the situation required it and the purchaser was legally entitled to possession.  (See foot note to *Wilson* v. *Polk*, 51 Am. Dec. 154.)

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.