[Civil No. 2743. Filed December 17, 1928.]

[272 Pac. 641.]

FIRST NATIONAL BANK OF YUMA, a Corporation, Appellant, v. JAMES H. MAXEY, and MARY A. MAXEY, Appellees.

Mr. James Forest, for Appellant.

Mr. C. A. Lindeman, and Mr. A. J. Eddy, for Appellees.

LOCKWOOD, J.—James H. Maxey and Mary A. Maxey, his wife, hereinafter called plaintiffs, were the owners of certain lands in Yuma county, upon which the First National Bank of Yuma, hereinafter called the defendant, held a mortgage. On February 10th, 1927, and long after the execution of the mortgage, plaintiffs leased the land to one Johnson for a period of twelve months, ending December 31st, 1927, the rental price being fifty per cent of the crops raised thereon, after certain deductions were made. Johnson had farmed the land in the previous year and was still in possession thereof at the time the lease was made, having full knowledge of the mortgage and that a foreclosure suit thereon had been commenced at that time. The decree in the foreclosure suit was rendered January 22d, 1927, and the property sold on execution February 19th, and bought in by defendant. No redemption was made, and a sheriff's deed was executed and delivered to it on August 30th. Johnson, the tenant, attorned to defendant, remained on the premises, farming them to cotton and maize, and, when the crops were harvested, delivered the fifty per cent rental to it. On October 6th, 1927, plaintiffs commenced this suit to recover from defendant, among other things, the proportionate share of the rental from January 1st, 1927, to February 19th, 1927. The case was submitted to the court on an agreed statement of facts, and judgment was rendered in favor of plaintiffs for the rent as sued for.

There is but one question of law presented for our determination, and that is whether under the law of Arizona a mortgagor is entitled to have rents which are not due until after the period of redemption allowed by law following the sheriff's sale on a foreclosure of the mortgage has expired apportioned on the basis of the amount earned *before* such sale.

It is the general rule, in the absence of statute, that the purchaser of leased lands at a sale on execution is entitled to rent subsequently accruing, as the rent is an incident of the reversion and follows it. *Butt* v. *Ellett*, 19 Wall. (86 U. S.) 544, 22 L. Ed. 183; *Reynolds* v. *Lathrop*, 7 Cal. 43; *George* v. *Putney*, 4 Cush. 351, 50 Am. Dec. 788; *Smith* v. *Newman*, 140 Ky. 80, Ann. Cas. 1912B 395, 130 S. W. 953. And under the common law there was no apportionment of rent possible. *Martin* v. *Martin*, 7 Md. 368, 61 Am. Dec. 364; *Page* v. *Culver*, 55 Mo. App. 606; *Wilson* v. *Delaplaine*, 3 Harr. (Del.) 499. As a result, if rents were payable in advance, the mortgagor collected them, and the purchaser got nothing. *Fullerton* v. *Shauffer*, 12 Pa. 220. Nor is this seriously disputed by plaintiffs. It is their contention, however, that in this jurisdiction the matter is taken out of the rule by the provisions of paragraph 1383, Revised Statutes of Arizona of 1913, Civil Code, which reads in part as follows:

"1383. The purchaser, from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents of the property sold or the value of the use and occupation thereof. . . . "

The statute is taken from California, and the Supreme Court of that state has passed on it in the case of *Clarke* v. *Cobb*, 121 Cal. 595, 54 Pac. 74. Therein, after holding that the unsevered crops under the contract were to be considered when gathered as rent, the court says:

"These products were the rents to be annually paid for the use of agricultural and vineyard lands. They were due and payable, at a certain period of the year, and that period occurred after the purchase from the sheriff, and prior to the time when right of redemption was barred. . . . Upon such a state of facts it

could not be claimed for a moment that the purchaser at the sheriff's sale would be entitled to the entire amount of rent due and payable for the use of the land for the entire year. If the foreclosure sale had occurred one day prior to the day when the rent was due and payable upon such a line of reasoning the purchasers would be entitled to the entire $1200.00. If rent was payable semiannually, and no rent happened to fall due during the time intervening between the purchase under foreclosure and the expiration of redemption, it certainly could not be claimed that the purchaser was not entitled to any rent. In the eyes of the statute the material question is not, When does rent become due and payable? but it is, *What amount of rent has the property earned subsequent to the purchase, and prior to the redemption?* By virtue of the statute, if the property is not rented the purchaser may sue for the value of the use and occupation; and the value of the use and occupation would be such value for the time the purchaser held under his certificate of sale. And, likewise, a recovery for rent would necessarily be limited to the amount earned for that time. . . .

"The contention that rent payable by the year is indivisible is unsound. Undoubtedly, the statute could provide for a division of it. It must be borne in mind that the whole matter of redemption is purely statutory, and the statute seems to contemplate a proportionate division of the rents. It was intended by this statute to give the purchaser at the sale the fruits of the land produced *while he held the certificate of purchase*—only this and nothing more." (Italics ours.)

So far as we can discover, there are no decisions from any other state having a similar statute which discuss the point raised herein. Counsel for defendant has urged most strenuously that the case of *Clark* v. *Strohbeen,* 190 Iowa 989, 13 A. L. R. 1419, 181 N. W. 430, is in point. We have examined that case most carefully, but we do not find that the effect of a statute similar to the one in question was considered.

The principal question discussed was whether unsevered *fructus industriales* passed in a sheriff's deed as a fixture or appurtenance, when it was the lessor's share of a crop. Nowhere in the case does it appear the matter was governed by a statute, and the decision was strictly in accord with the common-law rule. The case cited, while excellent authority on the issue considered, is useless for the purposes of the present case.

It is argued, however, that *Clarke* v. *Cobb, supra,* limits the exception of the statute strictly to cases where the rent accrues during the period between the sale and the expiration of the right of redemption, and it is claimed that, as in the present case, the rent did not accrue until after the right of redemption expired and title became perfected in defendant by a sheriff's deed, it does not fall within the language of the exception, and the common-law rule therefore applies. It is true the rent in *Clarke* v. *Cobb, supra,* accrued during the period between the sale and the expiration of the right of redemption, and before the sheriff's deed was issued, and the court limited its express holding to such a state of facts.

The reasoning of the case and the language of the statute seem, however, to indicate that the same principle applies when the rent is not due until after the period of redemption expires. On examining the statute carefully, it appears the primary object thereof was to change the old rule that rent could not be apportioned, and that it followed the legal title at the time it was *due,* to the principle that it was apportionable on the basis of the title at the time it was *earned.*

Under the law of foreclosure up to the time of the sale of the property, the mortgagor holds both the legal and equitable titles. When the sale is made, the equitable title passes to the purchaser, subject to de-

feasance by redemption within the statutory period. *Duprey* v. *Moran,* 4 Cal. 196; *Harris* v. *Mason,* 120 Tenn. 668, 25 L. R. A. (N. S.) 1011, 115 S. W. 1146; *Mau, Sadler & Co.* v. *Kearney,* 143 Cal. 506, 77 Pac. 411. If there is no redemption, the sheriff's deed completes the legal title of the purchaser. 23 C. J. 730. If a redemptioner appear, the purchaser loses all title, legal and equitable, in the property, which passes to the former. *Bagley* v. *Ward,* 37 Cal. 121, 99 Am. Dec. 256. That the legislature intended the *earned* rent to follow the complete title is shown by the remainder of the statute cited, which provides that, in case of a redemption, the purchaser accounts to the redemptioner for the rents collected during the time the former held the certificate of sale. In other words, while the mortgagor holds both legal and equitable titles, he is entitled to the rent earned; when he loses the equitable title, the earned rent goes to the one who has purchased it, and who presumably will eventually secure the legal title also. Should there be a redemption, however, and both legal and equitable title pass to someone else, that person receives the rent, dating back to the time when the mortgagor no longer held both titles. The rent thus belongs eventually to the ultimate holder of both the legal and equitable titles, according to the time it was *earned.* This conclusion is in consonance with the language and apparent intent of the statute, and with the dictates of common sense, if we are to assume that rent may ever be apportioned.

We hold, therefore, that the intent of the statute is to apportion the rent in cases of foreclosure of a mortgage to the ultimate holders of both legal and equitable titles, as of the time it was *earned,* discarding the common-law doctrine that it was to be paid to the legal owner as of the date it was due. Since plaintiffs held both titles to the date of sale, the trial

court correctly held they were entitled to their proportionate share of the rent.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.