**In re SAPPHIRE INVESTMENTS, Debtor.**

**SAPPHIRE INVESTMENTS, a partnership, Plaintiff,**

v.

**STEWART TITLE AND TRUST OF TUCSON, an Arizona corporation, as trustee under Trust No. 1875, Defendant.**

**Bankruptcy No. 81–01040. Adv. No. 82–0116.**

United States Bankruptcy Court, D. Arizona.

April 15, 1982.

Thomas Tilton, Tucson, Ariz., for plaintiff/debtor.

Jeffrey M. Neff, Dennis Rosen, Tucson, Ariz., for defendant.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The Debtor has filed a motion for a stay under 11 U.S.C. § 105, or in the alternative for determination that the automatic stay under 11 U.S.C. § 362 stays the running of the period of time within which the Debtor can redeem certain real property in a state court mortgage foreclosure action. The facts are that on April 9, 1981, Creditor, Stewart Title and Trust of Tucson, as trustee, obtained a judgment in the Superior Court of the State of Arizona in a mortgage foreclosure action. A sheriff's sale was held on September 15, 1981, at which time the creditor purchased the property. On October 8, 1981, the Debtor filed its petition under chapter 11 of the Bankruptcy Code, within the redemption period. A.R.S. § 12–1282 gives the mortgagor, the Debtor in this instance, a six-month period from the date of sale within which he can redeem the property by the payment of all amounts found due in the judgment and an eight per cent redemption penalty.

The first question presented to the Court is: What is the nature of this right of redemption. The Arizona Supreme Court in *First National Bank of Yuma v. Maxey*, 34 Ariz. 438, 272 P. 641 (1928) held as follows:

> Under the law of foreclosure up to the time of the sale of the property, the mortgagor, holds both the legal and equitable titles. When the sale is made, the equitable title passes to the purchaser, subject to defeasance by redemption in the statutory period.... If there is no redemption, the sheriff's deed completes the legal title of the purchaser.... If a redemptioner appear, the purchaser loses all title, legal and equitable, in the property, which passes to the former. 272 P. at 642.

In the leading case in the Ninth Circuit on this point, it was held that "There can be no question that the title retained by the debtor throughout the period of redemption constitutes property in the hands of the trustee as to which the chapter X court, under § 111, [i.e., of the Bankruptcy Act] has exclusive jurisdiction." *In re Thomas J. Grosso Investment, Inc.*, 457 F.2d 168 (9th Cir. 1972).

*Grosso* arose under the Bankruptcy Act when the debtor filed a chapter X proceeding. His business was the buying and selling of real property. Various properties held by him had been foreclosed and the redemption period was running. The district court under § 116(4) of the Bankruptcy Act, 11 U.S.C. § 516(4), had entered a restraining order restraining all creditors from proceeding with foreclosure actions. Various mortgagees who had purchased mortgaged premises at foreclosure sale applied to have this restraining order removed or be excluded from the effect of the restraining order. This relief was granted by the district court. On appeal the Ninth Circuit held that the order approving a petition in a chapter X proceeding under the Bankruptcy Act brought in effect §§ 116 and 148 of the Act which stayed or provided for a stay by the court of all proceedings

including the running of the redemption period, and this stay was not limited to the sixty-day period within which a trustee could act pursuant to § 11(e) of the Bankruptcy Act which reads as follows:

> [W]here in any proceedings, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the . . . trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by . . . applicable Federal or State law as the case may be.

The Bankruptcy Code contains such a provision. See 11 U.S.C. § 108(b)(2).

*Grosso* concludes by saying:

> In straight bankruptcy, where the ultimate purpose is liquidation of the estate, § 11 provides a beneficial grace period—a grant of extra time within which to take action. In chapter X, where the purpose is rehabilitation of a going business, a period of grace is not needed. The Act itself provides all the time required. The second sentence of § 11(e), then, when applied to chapter X, converts itself into a drastic limitation upon the power of the court to protect the property of the debtor in the manner contemplated by and for the purposes of the Act.
>
> Accordingly, we hold that the stays provided by §§ 116 and 148 are not limited by § 11(e).

The question then is clearly presented. Does 11 U.S.C. § 108(b)(2) operate as a limitation of the automatic stay as provided in § 362(a)(2), (3) or (4) for a reclamation period following a foreclosure sale in chapter 11 proceedings under the Bankruptcy Code.

The secured creditor relies on *Jenkins v. Peet*, 13 B.R. 721, 4 C.B.C.2d 1425 (B.C.Colo. 1981). The bankruptcy court in this case

held that the court had no jurisdiction to extend the time of the redemption period provided for in § 108(b)(2). A debtor-in-possession under chapter 11 had sought to restrain a public trustee from issuing a deed to the purchase of property at a mortgage foreclosure sale upon the running of the redemption period. It is obvious that the Colorado law differs from the Arizona law as to what the rights of a mortgagor are during the redemption period. The court held that the fiduciary in the bankruptcy proceeding, i.e., the debtor, is accorded additional time to perform the act of redemption under § 108(b).

In considering whether or not the automatic stay of § 362 should stay or toll the running of the statute of limitations, this court states:

> That section is designed to preserve the estate's rights in property. Those rights here, without the intervention of the bankruptcy, are only the rights to redeem and, failing that, of expectancy in the event of the laches of the mortgagee. The only avenue for revestment of full ownership in the property available upon the expiration of the redemption period is for the passage of a period of 15 months with no action being taken by the holder of the certificate of purchase. The public trustee is not vested with discretion but is in fact required to issue the deed upon timely request of the holder of the certificate of purchase. The request does not seek to remove property from the estate. The estate has no right under Colorado law for the use of the property, no right to receive rents or profits from the property, no right to sell or encumber the property, and none of the bundle of other rights which normally are incident of ownership. 13 B.R. 721, 4 C.B.C.2d at 1430.

It is clear that the rights of redemption under Arizona law are much more extensive than this. *Grosso, supra,* expressly held under the Bankruptcy Act that the title retained by the debtor throughout the period of redemption constitutes property in the hands of the trustee. Under the Bank-

ruptcy Code this is property of the estate as defined by § 541(a)(1) of the Bankruptcy Code, 11 U.S.C. § 541.

The Bankruptcy Court of the District of Minnesota held that the automatic stay referred to in § 362 of the Bankruptcy Code, 11 U.S.C. § 362, tolls the running of the statutory period of redemption in a mortgage foreclosure. See *In re Johnson*, 8 B.R. 369 (B.C.Minn.1980). The court cites the legislative history of § 362(a). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions.... The automatic stay also provides creditor protection."

■ The court expressly holds that:

The contention that § 108(b) of the Code governs this issue is erroneous. § 108(b) provides that the trustee may take certain steps such as filing pleadings, or cure a default, if such time has not expired, at the later of "the end of such period, including any suspension of such period occurring on or after the commencement of the case" or "60 days after the order for relief". While § 108 does ensure the trustee certain time to act, it also, expressly recognizes that the running of time may be suspended. § 362(a) is the only possible source of such suspension "on or after the commencement of the case."

*In re Johnson* concludes that the equity of redemption is an equitable interest freely transferable. The court holds "[T]his 'interest' is the property of the estate under which the defendant seeks to enforce a prepetition judgment contrary to § 362(a)(2); to obtain possession contrary to § 362(a)(3); and to enforce a lien contrary to § 362(a)(4)." The rights of a redemption holder in Minnesota and Arizona are quite similar. In Arizona a mortgagor/debtor is entitled to possession of premises sold at a foreclosure sale unless a receiver has been appointed. *Roosevelt Savings Bank of New York v. State Farm Fire and Cas. Co.*, 27 Ariz.App. 522, 556 P.2d 823 (1976).

Both parties cite *In the matter of Bank of Commonwealth v. Bevan*, 13 B.R. 989 (D.C.E.D.Mich.1981). *Bevan* held that the automatic stay under § 362 did not toll the running of the redemption period and held that § 108(b) was applicable and granted the trustee a minimum of sixty days in which to act. However, this court did recognize that the bankruptcy court had the authority to issue a restraining order tolling the statutory redemption period under § 105 of the Bankruptcy Code, 11 U.S.C. § 105.

■ This Court believes that *Grosso* is still the law of the Ninth Circuit. An examination of §§ 116(4) and 148 of the Bankruptcy Act, 11 U.S.C. § 516(4) and 11 U.S.C. § 548, together with. §§ 105 and 108(b) of the Code show that there is little or no difference in their reading, although § 108(b) has been held to be broader than § 11(e) of the Act, 11 U.S.C. § 29(e). *In re Santa Fe Development and Mortgage Corporation*, 16 B.R. 165, 5 C.B.C.2d 1186 (BAP 9th, 1981). This Court does not believe that in chapter 11 proceedings § 108 of the Bankruptcy Code is a limitation of the effect of the automatic stay provided for in § 362(a)(2), (3) or (4) in tolling the running of a right of redemption.

In conclusion, this Court holds that the right of redemption under the Arizona statute is a matter of state law and is property of the estate under § 541 of the Bankruptcy Code until the sheriff's deed is delivered to the purchaser of the foreclosed property, and that 11 U.S.C. § 362(a)(2), (3), (4) tolls the running of a debtor's statutory right of redemption in Arizona. Further, § 108(b)(2) in chapter 11 proceedings is not a limitation on the automatic stay provided for in § 362 of the tolling of the right of a redemption by a debtor.

This Court grants the Defendant, Stewart Title and Trust of Tucson, as trustee, the right to amend its pleadings for relief from the automatic stay under § 362(d) of the Bankruptcy Code, and such hearing will be conducted under Rule 914 of the Rules of Bankruptcy Procedure.