[Civil No. 2579. Filed May 31, 1927.]

[256 Pac. 356.]

MATTIE L. WILLIAMS, Appellant, v. CECIL R.
WILLIAMS, Appellee.

Mr. E. J. Flanigan, for Appellant.

Mr. Earl Anderson, for Appellee.

ROSS, C. J.—This is a second forclosure of the same mortgage, on the same property, differing from the first foreclosure in the respect that a grantee of the mortgagor was not made a party in the first foreclosure but is made a party herein so that her equity of redemption may be foreclosed.

The facts are, as shown by the record and by stipulation, that defendant, John H. Williams, on December 4, 1916, mortgaged lots 23 and 24, in the Williams subdivision to Phoenix to Charles E. De Mund, to secure his note for $3,500, payable in five years. On January 22, 1917, John H. Williams deeded an undivided one-half interest in lot 23 to his wife, Mattie L. Williams, consideration love and affection, such deed reciting that it was subject to the De Mund mortgage. On July 31st, 1917, John H. Williams paid De Mund $1,000 on note and mortgage and De Mund thereupon released lot 24 from the mortgage. On November 6th, 1919, De Mund assigned note and mortgage to Cecil R. Williams, the plaintiff. The plaintiff, Cecil R. Williams, does not reside in Arizona, but in New York. He therefore did not have personal charge of the two lawsuits hereinafter mentioned, but trusted the employment of an attorney to look after such suits to a sister who resides in Phoenix, Arizona. An attorney so employed by plaintiff's sister, on January 19th, 1924, instituted an action to foreclose plaintiff's mortgage, in which only John H. Williams was made a party defendant. The reason that Mattie L. Williams was not made a party defendant was because John H. Williams, her husband, "advised, instructed, and directed" the attorney for plaintiff not to make her a party. This suit was prosecuted to judgment, John H. Williams making no resistance. The mortgage was foreclosed on lot 23, and thereafter said lot was sold under special execution and bought by

plaintiff for the judgment, costs and accruing costs amounting to $3,908.08. In due course the plaintiff was given a sheriff's deed which purported to convey all of lot 23 to him. During all this time Mattie L. Williams was in possession of said lot and refusing to recognize plaintiff's title to but one-half of the lot; plaintiff again, on March 9th, 1925, through an attorney employed as aforesaid, began a suit to clear up his title and this time the suit brought for that purpose was one to quiet his title as against defendant Mattie L. Williams. In this suit Mattie L. Williams set up as her defense the title she obtained from John H. Williams through his deed to her, and asked for judgment quieting her title as against the plaintiff. The judgment was in accordance with her prayer, and her title to the undivided one-half deeded to her was held superior to the title or claim thereto by plaintiff and was quieted as against him.

And then it was that plaintiff employed his present attorney, who, on December 10th, 1925, brought this suit, in which both the mortgagor, John H. Williams, and his grantee, Mattie L. Williams, are made defendants.

In his complaint the plaintiff has set out in detail all the above facts, exposing the two former efforts to subject lot 23, and the whole thereof, to the payment of his debt, and his failure to realize because in the first suit Mattie L. Williams was not made a party, and in the second because the remedy was wrong. Plaintiff accordingly asks that the judgment in the first foreclosure be set aside, as also all steps taken therein, including the sheriff's sale and the deed to plaintiff and the satisfaction of the judgment, and that he be permitted to foreclose his mortgage as against the undivided one-half interest in the name of defendant Mattie L. Williams, as also against the interest of defendant John H. Williams.

Defendant John H. Williams filed an admission of the truth of plaintiff's allegations and a consent that the relief asked be granted. Defendant Mattie L. Williams opposed the granting of such relief: (1) Upon the ground that the note and mortgage were merged in the judgment in the first foreclosure and were paid and satisfied by a sheriff's deed of an undivided one-half of lot 23 to plaintiff; and (2) that the judgment in the action to quiet title is *res judicata* of the issues in this case.

Lot 23 is valued at $4,500, and the balance due on plaintiff's mortgage in principal and interest is approximately $3,800.

Upon the facts as above stated, and the contentions of the parties, the court granted the prayer of the plaintiff and vacated the first foreclosure suit and all proceedings had thereunder, and thereupon entered judgment foreclosing plaintiff's mortgage against the interests of both the defendants; and it is from such judgment of foreclosure that the defendant Mattie L. Williams prosecutes an appeal. Her contentions here are the same as in the trial court.

The facts are not many, are not involved and are easily understood. The case, however, presents perplexities and difficulties. A party asking the courts to assist him in settling his differences with another, in all fairness to the courts and all adverse parties, ought to make a full and complete exposition of his case so that it may be ended with one trial and one decision. It is against public policy to split a cause of action and to make two or more suits of it when one is sufficient. This wholesome rule has been violated in this instance. Mattie L. Williams should have been made a party defendant in the original foreclosure action. Her title to an undivided one-half interest in lot 23 was a matter of record, and besides it appears that plaintiff's attorney had actual

knowledge of her ownership. The only legal way in which her interest could be subjected to the payment of the mortgage was to make her a party to the foreclosure suit and give her an opportunity to be heard. The plaintiff's attorney, acting in the absence of his client and without his client's knowledge, upon "the advice, instructions, and directions" of John H. Williams, husband and grantor of defendant Mattie L. Williams, omitted making the latter a party, and the question is, Should plaintiff, when all the security for the payment of his note and mortgage is little more than sufficient to satisfy his debt, be held to have irrevocably lost and surrendered one-half of such security upon the unauthorized consent of his attorney, negatively expressed by a failure to make Mattie L. Williams a defendant? It would seem that such a disastrous result ought not to be visited on plaintiff if under the rules of law or equity it can be avoided.

In looking for a way to relieve plaintiff from the awkward situation in which he was placed, without his fault, it will be borne in mind that Mattie L. Williams' half interest was a gift to her and that she accepted such gift burdened with the mortgage, her deed reciting that it was subject to the mortgage. She took it knowing that if the mortgagor for any reason should fail to pay off and satisfy the mortgage, the mortgagee could foreclose it against her interest and take it away from her unless she paid the debt against it. That was the condition upon which it was given and the condition upon which it was received.

The present suit, so far as the mortgagor is concerned, is being prosecuted with his consent. He raises no objections and makes no contention that the former foreclosure and the proceeding thereunder had the effect of paying off and satisfying the note and mortgage. It is the defendant Mattie L. Will-

iams who contends that the note and mortgage were merged in the judgment and paid off and satisfied by the sheriff's deed of a one-half interest in lot 23 to the plaintiff. So long as what was done under the former foreclosure is allowed to stand, the contention is correct, but the very purpose of this suit is to have everything, including the judgment, the execution, the sale, the deed, and the satisfaction of judgment vacated and set aside. And if that may be done in the manner herein pursued it will leave the note and mortgage as if no foreclosure, or sale, or deed, or other proceeding had been had.

The case of *Johns* v. *Wilson,* 6 Ariz. 125, 53 Pac. 583, sets a precedent for the course adopted by plaintiff in the present case. It was a suit "brought for the purpose of foreclosing the mortgage against one who was not a party to the former suit." The right to maintain the suit in that form was upheld by the predecessor of this court, and upon appeal to the Supreme Court of the United States, 180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. Rep. 445 (see, also, Rose's U. S. Notes), such ruling was affirmed, the latter court stating:

"While it is possible that the mortgagee might have been able to obtain relief by an amended bill in the original suit, a new action is a proper remedy where he has been mistaken in his facts especially if such mistake has been brought about by the contrivance of the legal owners."

The facts in the Johns case were not the same as here. There at the first foreclosure the omitted party was not known to plaintiff and was purposely and fraudulently hidden from him. In most of the cases where relief has been granted the failure to make the owner of the equity a party has been due to a mistake of fact and not of law. *Norton* v. *Newerf,* 45 Cal. App. 10, 187 Pac. 57; *Gerig* v. *Loveland,* 130

Cal. 512, 62 Pac. 830; *Investment Securities Co.* v. *Adams,* 37 Wash. 211, 79 Pac. 625.

In the present case the mistake probably was one of law. What prompted the mortgagor to ask plaintiff's attorney to leave Mattie L. Williams out of the first foreclosure, or the attorney to acquiesce in such request, we do not know. The stipulation entered into by the parties does not show and there are no findings. If the purpose was to release her half interest from the mortgage it would have been without consideration and a fraud upon the plaintiff. If it was done for the more innocent purpose of keeping her in ignorance of what was happening, and under the delusion that she was not a necessary party, she should not complain. Whether the undoubted right to foreclose her interest was exercised early or late was one and the same, so far as her rights were concerned. If the mistake, even though one of law, was mutual, it is of the kind from which courts of equity have uniformly relieved parties. If it was unilateral and solely the mistake of plaintiff's attorney, still we think under the facts and circumstances of this case the relief should be granted.

In *Peterson* v. *First National Bank,* 162 Minn. 369, 42 A. L. R. 1185, 203 N. W. 53, the attorney for the mortgagee made this kind of a mistake: The mortgage for $15,000 upon property of the value of $21,000 was not due, but the mortgagor was in default one year's interest to the amount of $722.40. The mortgage contained a provision accelerating maturity of the whole debt upon the minor default. In the absence of such clause the proceeds of the sale could have been applied on the unmatured principal. Solely because of the blunder of the mortgagee's attorney the property was sold for $835.50, or a year's interest and costs. In such circumstance the foreclosure sale was set aside, the

mortgage reinstated and foreclosed anew. The second syllabus of that case very succinctly states the rule announced by the court:

"In considering the competency of equity to relief against mistake, it is not controlling that the initial error is one of law rather than fact. It is not so much the genesis of the error as it is its unintended and unconscionable effect upon legal rights and obligations that makes a cause for relief."

In that case the court, at considerable length, discusses the power of courts of equity to relieve parties from mistakes of law, and quotes this language from Williston on Contracts, section 1581:

"It is impossible to co-ordinate the cases so as to produce satisfactory results, because the rule itself distinguishing mistake of law from mistake of fact is founded on no sound principle. . . . The only way apparent for the law on the subject to obtain uniformity and certainty is by the gradual broadening of these exceptions (in favor of relief from mistakes of law) until they so far coalesce that courts will venture to put mistakes of law and of fact on the same footing."

It is also said in the Peterson case:

"Another distinguished text-writer, opposing the notion that there is any real distinction between mistakes of law and mistakes of fact, denies, that there is any 'public policy which demands that one who has done no injury, but simply seeks to avert a loss, shall, because of his ignorance of the law, suffer a loss.' Keener on Quasi Contracts, p. 91."

Jones on Mortgages, seventh edition, volume 3, section 1679, states the rule as follows:

"If the owner of the equity has, through mistake, not been made a party, the mortgagee, who has purchased at a sale, may maintain a second action to foreclose the equity of such owner, and for a new sale, but he cannot recover the costs of the previous sale. . . . Although a new action is the proper rem-

edy for a foreclosure imperfect through failure to make all persons interested in the equity of redemption parties to the suit, the courts have allowed the original suit to be reinstated upon an amended petition, even after an interval of several years.''

It will be noticed that this author does not state that the mistake must be one of fact.

We think, under the circumstances, it would be inequitable to deprive plaintiff from realizing on all of his security, or so much thereof as is necessary to satisfy his debt, since the mistake in bringing his first foreclosure suit, whether mutual or unilateral, should not be given an ''unintended and unconscionable effect upon the legal rights and obligations'' of the parties. In permitting the second foreclosure, defendant Mattie L. Williams will not be deprived of any property or property rights given to her by the mortgagor. It will merely subject her interest, as she impliedly agreed it should be in accepting a deed thereof, to the payment of the mortgage debt and establish her status as a redemptioner.

The plea of estoppel by the judgment in the action to quiet title is not good for the reason that the issues in that case are not involved in this. The action to quiet title was an assertion or contention by plaintiff that his foreclosure against the mortgagor and the sale thereunder, followed by sheriff's deed, gave him title as against the mortgagor's grantee, Mattie L. Williams. This proposition was unsound, as the law is well settled that a grantee of the mortgagor must be made a party defendant in the foreclosure before her interest can be taken from her or subjected to a sale for the payment of the mortgage debt. This suit is an admission of that fact and seeks, not to question Mattie L. Williams' title to a one-half interest in lot 23, but to subject it in a legal way to the payment of the mortgage debt. It admits her title. In the action to quiet

title the question as to whether plaintiff's mortgage had been paid and satisfied by reason of the first foreclosure was not involved. It was apparent that the mortgage debt still subsisted, so far as defendant Mattie L. Williams' interest was concerned, and in a proper proceeding, such as this, could be foreclosed. The issue here was not in that case and could not have been therein determined. The causes of action in the two cases are different and the parties are not the same. *Morgan* v. *Barrett,* 17 Ariz. 376, 153 Pac. 449; *Harrison* v. *Remington Paper Co.* (C. C. A.), 140 Fed. 385, 5 Ann. Cas. 314, 3 L. R. A. (N. S.) 954; 15 R. C. L. 964, § 439.

We quote, as applicable to the facts of this case, from 34 Corpus Juris, 798, as follows:

"The estoppel extends only to the exact point raised by the pleadings and decided, and does not operate as a bar to a second suit on other claims or issues, or against other parties."

This situation, however, presents itself: If the foreclosure had been against Mattie L. Williams' equity in the first suit, and the property had been sold thereunder, the interest upon the mortgage would have ceased at that time. While her interest in lot 23 is subject to the mortgage, and she cannot reasonably or equitably complain if it is taken to pay the debt, it would seem that she ought to be able to insist that interest on the debt should cease at the time when she should have been made a party defendant and her interest foreclosed. The record, however, discloses that she was, at the time of the institution of suit, in the possession of lot 23 and refused to surrender it. The enjoyment, use and occupation of the premises will doubtless compensate her for the enlargement of the debt by reason of accumulated interest.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.