443 P.2d 921

**Clarence JORDAN and Pearl Jordan, his wife, Appellants,**

v.

**PHOENIX FINANCE COMPANY, an Arizona corporation, Appellee.**

**No. I CA–CIV 537.**

Court of Appeals of Arizona.

July 31, 1968.

Alan Philip Bayham, Phoenix, for appellants.

Wyles, Weinstein & McCarthy, by Shepard M. Weinstein, Phoenix, for appellee.

STEVENS, Judge.

In the Superior Court the Phoenix Finance Company was the plaintiff and Mr. and Mrs. Jordan were the defendants. The plaintiff secured a default judgment against the defendants on a promissory note after

---

a personal service of process. An execution was issued, the real property in question was sold at a Sheriff's Sale, there was no redemption and the Sheriff's Deed was executed and recorded. The foregoing judgment has not been attacked.

After the recording of the Sheriff's Deed and in the same numbered case, a complaint in ejectment was filed seeking possession and the reasonable rental value of the use of the property. There is no issue made relative to the propriety of this procedure and we express no opinion in relation thereto. Under these circumstances the first judgment, the Sheriff's Sale and the Sheriff's return are a part of the record which was before the trial court and is before this Court. The complaint in ejectment was filed on 24 June 1966 and a summons was issued and served. The complaint was verified and the answer of the defendants was verified. Summarizing the complaint we find that the following allegations were admitted by the verified answer, namely: That the plaintiff is a corporation and that the defendants are husband and wife residing in Maricopa County; that judgment was rendered and an execution issued; that the execution was levied; that "after due notice in the manner required by law" a Sheriff's Sale was held on 28 October 1965; and that the time for redemption expired, the Sheriff's deed being issued on 29 April 1966 and recorded on 2 May 1966.

■ The plaintiff alleged that it had become the owner of the property on 28 October 1965 and this the defendants denied. We agree with the position of the defendants in that the plaintiff did not acquire title on the execution sale held on 28 October 1965. The plaintiff did not acquire title until the Sheriff's Deed was issued on 29 April 1966. The defendants denied that, as of the time of joining issue in the ejectment matter, the plaintiff was the owner and entitled to possession. They further deny other allegations purporting to relate to the rights of the plaintiff commencing as of 28 October 1965.

The defendants affirmatively allege that the plaintiff has no title and that the defendants filed a declaration of homestead failing to allege the date thereof. The pleadings do not disclose compliance with the statutory provisions relating to claiming homestead rights. See A.R.S. §§ 33–1101 to 33–1107.

A motion for partial judgment on the pleadings was filed pursuant to Rule 12(c), Rules of Civil Procedure, 16 A.R.S. In this motion no effort was made to secure compensation for the occupancy by the defendants. The memorandum in support of the motion recites that the declaration of homestead was not filed until after the Sheriff's Sale. This statement, not under oath, does not create an issue. It does alert the defendants as to the need to affirmatively disclose compliance with the statutory requirements. In response to the motion the defendants did not set forth the date of the recording of the declaration of homestead but merely made an affidavit that title did not vest in the plaintiff and that the Sheriff's Sale gave the plaintiff no rights in and to the property.

Neither party requested oral argument in relation to this motion and on 24 August 1966 the court granted the motion. Thereafter a form of judgment was signed and filed and the defendants appealed.

■ No brief having been filed in this Court by the appellee, this Court gave notice to counsel that the cause was deemed submitted without argument. There are Arizona cases which hold that failure of the appellee to submit a brief constitutes a confession of error. This Court has rendered a series of opinions of which United Bonding Insurance Company v. Thomas J. Grosso Investment, Inc., 4 Ariz.App. 285, 419 P.2d 546 (1966) is illustrative. In substance this Court has held that if the issues raised are debatable the failure to file a brief constitutes a confession of error. We have examined this record to determine whether there are debatable issues.

In our opinion the defendants admitted under oath the presence of all essential procedural steps leading up to the issuance and recording of the Sheriff's Deed. They could not defeat the action by mere denial of the allegation that the deed was effective as of the date of the execution sale, nor could they defeat the effect of their admissions by asserting the legal conclusion that the plaintiff was without title. Rule 12(c) authorizes the presentation of matters outside the record in which event the motion is to be tested by Rule 56 relating to motions for summary judgment. In the event that the defendants had matters which would defeat the validity of the deed, it was their obligation to come forward with those matters and this they did not do.

The appeal urges that the plaintiff did not establish its title in the trial court. With this we do not agree. The allegations which the defendants admitted established plaintiff's prima facie case.

The judgment is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.