**In re Errol SIMMONS and Marie Simmons, Debtors.**

**BANKERS LIFE COMPANY, an Iowa Corporation, Plaintiff,**

**v.**

**Errol SIMMONS and Marie Simmons, and Craig Phelps as Trustee, Defendants.**

**Bankruptcy No. 81 B 12082.
Adv. No. 81 A 3488.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Sept. 20, 1982.

Melvin J. Kaplan, Chicago, Ill., for defendants.

D. Sidney Condit, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the complaint to lift or modify the automatic stay of BANKERS LIFE COMPANY, an Iowa Corporation (Plaintiff), represented by D. SIDNEY CONDIT, Attorney at Law, pursuant to Section 362(d) of the Bankruptcy Code, and the answer thereto of ERROL SIMMONS and MARIE SIMMONS (Defendants), represented by MELVIN J. KAPLAN, Attorney at Law, and

The Court having examined the pleadings filed in this matter, having received and examined the evidence adduced, having received and examined memoranda of law submitted by the parties in support of their respective positions, and the Court being fully advised in the premises;

The Court Finds:

1. In December, 1979, Defendants purchased property improved with a single family residence commonly known as 2941 E. 224th Place, Sauk Village, Illinois. Said property was subject to a mortgage in the amount of $33,600.00, held by Plaintiff and executed by the original owners of the subject property on June 15, 1978.

2. In June, 1980, Defendants became delinquent in their mortgage payments, and on July 14, 1981, Plaintiff commenced a foreclosure action in the Circuit Court of Cook County, Illinois, Case Number 81 CH 5448. On September 21, 1981, a decree of foreclosure and sale was entered in the amount of $36,907.46, and a judicial sale was scheduled for October 27, 1981. On September 30, 1981, Defendants filed the instant Chapter 13 proceeding and scheduled the indebtedness to Plaintiff as follows:

| | | |
|---|---|---|
| Bankers Life | $32,980.00 | $358.00 monthly |
| 711 High Street | first mortgage | |
| Des Moines, IA 50307 | | |
| | $4,348.00 | $372.00 monthly |
| | first mortgage arrearages; 9 months behind | |

3. On October 19, 1981, Plaintiff filed the instant complaint to lift or modify the automatic stay, and on November 16, 1981, Defendant filed an answer. On December 23, 1981, this Court confirmed Defendants' plan which provides for payment to the Chapter 13 Trustee the sum of $365.00 semimonthly for 24 months, and $121.00 per month for the last 36 months, with mortgage arrearages to be paid within 24 months. A special mortgage order was entered by the Court on January 6, 1982, and

amended on March 10, 1982, that directs the Trustee to pay Plaintiff current monthly installments of $375.32 from January, 1982. On March 30, 1982, Plaintiff filed a proof of claim and rejected the Defendants' planned repayment, and seeks in addition to arrearages of $4,232.20, the sum of $1,450.00 in attorneys' fees and the sum of $461.34 in foreclosure costs. In total, Plaintiff seeks the sum of $38,576.80. The parties, pursuant to a stipulation dated June 9, 1982, agree that the fair market value exceeds the amount of Plaintiff's claim of $38,576.80.

The Court Concludes and Further Finds:

1. The central issue in this case is whether a foreclosed mortgage can be reinstated by the filing of a Chapter 13, and if so, is payment of a sum less than the judgment amount tantamount to lack of adequate protection and thus cause for lifting the stay under Section 362(d) of the Bankruptcy Code.

2. This Court concludes that in view of the Bankruptcy Code and relevant case law and legislative history, this Court does have the power to reinstate a mortgage foreclosed upon in state court. Under Illinois law debtors have a period in which they may redeem their homes after judgment of foreclosure, and until the period expires the debtor as mortgagor remains in possession. Since pursuant to Section 362 of the Bankruptcy Code all acts to proceed to judgment by garnishment or foreclosure are stayed, the running of redemption period is stayed. Further, Bankruptcy Courts have inherent authority under Section 105 of the Bankruptcy Code to enter orders necessary to carry out the provisions of the Bankruptcy Code. *In re Patzgold,* 81 C 5128 (Feb. 17, 1982, N.D.Ill.). In this manner the Court concludes that Chapter 13 debtors may reinstate their mortgages and arrange for repayment of arrearages over a reasonable period of time and keep current on payments due under the terms of the reinstated mortgage. Whether the entire judgment amount must be paid to provide adequate protection to creditor need only be addressed where the creditor has met his burden of proof on the issue of equity. Once the creditor has met this burden, it is then, and only then, incumbent upon the debtor to establish that the creditor is adequately protected, the property is necessary to an effective reorganization and that there is a reasonable possibility of a successful reorganization. *In re Hutton-Johnson Co., Inc.,* 6 B.R. 855, 860 (Bkrtcy.S.D.N.Y. 1980); *In re Richards Pontiac, Inc.,* 6 B.R. 773, 777 (Bkrtcy.E.D.N.Y.1980); *In re Anchorage Boat Sales, Inc.,* 4 B.R. 635, 641 (Bkrtcy.E.D.N.Y.1980); *In re Antilles Yachting, Inc.,* 4 B.R. 470, 472 (Bkrtcy.B.C. VI.1980); *In re Hanson Dredging, Inc.,* 6 B.R. 230, 232 (Bkrtcy.S.D.Fla.1980). In the instant case the parties have stipulated that the fair market value of the home exceeds the judgment amount. The schedules filed by Defendants list the home as having a value of $49,000.00, and claim a $10,000.00 exemption in said property. On this basis it must be concluded that Defendants do have an equity in the property, and that Plaintiff has not met its burden.

3. Contrary to the Plaintiff's arguments this Court's exercise of its authority under Chapter 13 and Section 105 is not an abuse of discretion. While debtors may reinstate their mortgage, creditors who have diligently pursued to foreclosure their claims may recover reasonable costs and expenses pursuant to Section 506(b) of the Bankruptcy Code which provides as follows:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under the agreement under which such claim arose.

Under the circumstances of this case and in view of Section 506(b), Plaintiff should be given leave to file a statement of fees, costs and services and prove up the reasonable amount owed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the com-

plaint to lift or modify the automatic stay of the Plaintiff, BANKERS LIFE COMPANY, an Iowa Corporation, filed pursuant to Section 362(d) of the Bankruptcy code, be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, BANKERS LIFE COMPANY, be, and the same is hereby given leave to file a petition pursuant to 506(b) of the Bankruptcy Code by September 30, 1982, with a reply due from Defendants, ERROL SIMMONS and MARIE SIMMONS, by October 10, 1982, and a hearing on said petition is set for October 15, 1982, at 11:30 A.M..