**In re SAPPHIRE INVESTMENTS, Debtor.**

**STEWART TITLE & TRUST OF TUCSON, an Arizona corporation, as Trustee under Trust No. 1875, Plaintiff,**

v.

**SAPPHIRE INVESTMENTS, a partnership, Defendant.**

**Bankruptcy No. 81–01040.
Adv. No. 82–0116.**

United States Bankruptcy Court, D. Arizona.

Jan. 19, 1983.

Dennis Rosen, Jeffrey Neff, Tucson, Ariz., for plaintiff.

Sally Darcy, Tucson, Ariz., for defendant.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

This matter came before the Court on an amended complaint filed by Plaintiff, Stew-art Title & Trust of Tucson, an Arizona corporation, as Trustee under Trust No. 1875, to annul the automatic stay under Section 362(d) of the Bankruptcy Code. These proceedings started when the Debtor, Sapphire Investments, filed a motion for a stay order tolling the running of the statutory period of redemption under the Arizona state law, or a determination that the automatic stay, under Section 362 of the Bankruptcy Code, tolls the running of the statutory period of redemption of A.R.S. § 12–1282 (1956). This issue has been disposed of. *See, In re Sapphire,* 19 B.R. 492, 6 C.B.C.2d 639 (Bkrtcy.D.AZ.1982).

The facts of the matter are that Stewart Title & Trust of Tucson as Trustee under Trust No. 1875 filed an action in the Superior Court of the State of Arizona in and for the County of Pima seeking a judicial foreclosure of a deed of trust held by it. This matter had gone to judgment in the Superior Court and a sale had been held. However, in the initial proceeding before this Court, the sale was set aside on the grounds that proper notice of such sale had not been given to the Debtor or its attorney. The Plaintiff, Stewart Title & Trust of Tucson as Trustee under Trust No. 1875, has raised the issue of whether this Court must give full faith and credit to the Superior Court judgment. They contend that if this Court must give full faith and credit under Article IV, Section 1, of the U.S. Constitution, then the Debtor, Sapphire Investments, could not reinstate the terms of the note and deed of trust by curing the default.

A review of the Arizona state statutes on mortgages and executions shows that our law was adopted primarily from California. *See,* Arizona Leg. Hist. to A.R.S. § 33–701, et seq. (1956). Arizona is a lien state as distinguished from a title state. *See, Dart v. Western Sav. & Loan Ass'n,* 103 Ariz. 170, 438 P.2d 407 (1968); *Mortgage Inv. Co. of El Paso, Tex. v. Taylor,* 49 Ariz. 558, 68 P.2d 340 (1937). It seems to be equally clear that the foreclosure statutes of the various states vary

widely and one must carefully review the state statutes on foreclosure before determining the issue of full faith and credit.

■ In Arizona, until the time of the sheriff's sale under the special writ of execution, title to the property remains in the owner of the property. A.R.S. § 33–703(B) (1956). *See also, Lane Title & Trust Co. v. Brannan,* 103 Ariz. 272, 440 P.2d 105 (1968). A.R.S. § 33–725 (1956) provides that a judgment or foreclosure shall determine (1) the amount of the debt due on the promissory note; (2) that the Plaintiff has a valid lien on real property; and (3) direct that a writ of special execution issue from the clerk of the superior court to the sheriff causing him to sell the property at public sale. Several Arizona statutes detail the manner and effect of such sale. A.R.S. §§ 12–1621 and 1622 (1956) provide for notice and sales at execution. A.R.S. § 12–1626 (1956) provides that upon the sale the sheriff of the county shall issue to the purchaser a certificate of sale. A.R.S. § 12–1282 (1956) provides that the owner of the property sold or the beneficiary under a trust has some six months to redeem the property following the sheriff's sale. A.R.S. § 12–1286 (1956) authorizes the issuance of a sheriff's deed. The Arizona Court of Appeals has upheld A.R.S. § 12–1286 and found that a purchaser at a sheriff's sale does not receive title to the property until after the redemption period of six months has run and the sheriff issues a deed conveying property to the purchaser. *Jordan v. Phoenix Finance Co.,* 8 Ariz.App. 106, 443 P.2d 921 (1968). While the purchaser at the sheriff's sale is entitled to rents and profits from the property during the redemption period, A.R.S. § 12–1288 (1956), the owner has no duty to rent the premises to produce income for the benefit of the purchaser. *Mortgage Inv. Co. of El Paso, Tex. v. Taylor, supra.*

■ It seems to be clear that a federal court, including this bankruptcy court, must give full faith and credit to a state court judgment as provided for by Article ·IV, Section 1 of the U.S. Constitution. *Davis v. Davis,* 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1939).

The Debtor's argument is that they are not really attacking the state court foreclosure judgment. In other words, they are conceding that the amount due on the promissory note is as determined by the State Superior Court, and that the Plaintiff has a valid lien on the real property, subject of this action. They argue that the judgment, while determining the foregoing, does not transfer any legal rights to the mortgagee or holder of a trust deed until the sheriff's sale occurs. They point out that the Arizona Supreme Court has held that both legal and equitable title remains in a mortgagor until the sheriff's sale. *First Natl. Bank v. Maxey,* 34 Ariz. 438, 272 P. 641 (1928). They further argue that the mortgagor is entitled to possession even after the sheriff's sale and during the time of redemption.

There is an old Arizona case that found that a note and mortgage were merged in the judgment. *Williams v. Williams,* 32 Ariz. 164, 256 P. 356 (1927). However, they point out that this merger doctrine should not be carried to an extreme. *See also, Nelson v. Nelson,* 91 Ariz. 215, 370 P.2d 952 (1962). This Court has reviewed the *Williams* case and concludes that the Arizona Supreme Court was ruling in a unique situation and that this ruling does not stand for the proposition that notes and mortgages are generally merged into a foreclosure judgment. In *Williams,* a foreclosure action had been brought against one of two or more owners of the property or mortgagors. Indeed, the *Williams* case cites *Peterson v. First National Bank,* 162 Minn. 369, 203 N.W. 53, 42 A.L.R. 1185, wherein a mistake had been made in a like situation to the *Williams* case, a sheriff's sale was set aside and the mortgage was reinstated and foreclosed anew.

Oklahoma, which has a mortgage foreclosure statute very much like Arizona, and is a lien state as distinguished from a title state, has expressly held that the mortgage lien does not merge into the decree of foreclosure. *See, Anderson v. Barr,* 178 Okl. 508, 62 P.2d 1242 (1936).

This Court holds that it can give full faith and credit to the Arizona Superior Court judgment of fixing the amount due on the debt and finding that the trust deed is a valid lien on real property securing payment of the debt. However, it is the holding of this Court that all legal and equitable rights are not transferred to a purchaser at the sheriff's sale until after the sheriff's sale and upon the delivery of the sheriff's deed to that purchaser. This Court holds that after the entry of a judgment of foreclosure the terms of the note and mortgage can be reinstated and a default cured in a Chapter 11 proceedings commenced prior to sale. This Court is not ruling upon the reinstatement of a note and mortgage and the curing of a default after the sheriff's sale has occurred, or after the delivery of the sheriff's deed to that purchaser after the running of the statutory redemption period.

There are a number of bankruptcy court opinions permitting reinstatement of a defaulted mortgage which do not discuss the full faith and credit clause of Article IV, Section 1 of the U.S. Constitution. The courts in those cases have taken the position that under the Bankruptcy Code, even after sale, a note and mortgage can be revived and a default cured or waived under Sections 1124 and 1322 of the Bankruptcy Code. *See, In re Hewitt,* 16 B.R. 973 (Bkrtcy.D.AK.1982). *See also, In re Simmons,* 23 B.R. 364, 9 B.C.D. 997 (Bkrtcy.N. D.IL.1982); *In re Taylor,* 21 B.R. 179, 9 B.C.D. 399 (Bkrtcy.W.D.MO.1982), (for reinstatement of a note and mortgage in a chapter 13 proceeding); *In re Taddeo,* 685 F.2d 24 (2d Cir.1982), (where the Second Circuit Court of Appeals upheld a bankruptcy court ruling that in a chapter 13 proceeding the debtor had a right to reinstate a note and mortgage prior to the foreclosure sale).

This Court agrees with these holdings to the extent that it believes a promissory note and mortgage can be reinstated in a chapter 11 proceeding after the granting of the state court judgment but prior to the sheriff's sale and the running of the redemption period. It is not necessary in this matter to rule on the rights of reinstatement following a sheriff's sale or following the running of the redemption period.

This Memorandum Opinion shall serve as Findings of Fact, Conclusions of Law, under Bankruptcy Rule 752. Counsel shall lodge a proposed form of order within ten (10) days from date.

Plaintiff's request for the annulment of the stay is denied.