307 P.3d 1020

Amy Wellman **PETERSON,**
Plaintiff/Appellant,

v.

Brenda **NEWTON,** as personal represen-
tative of the Estate of Lou Ann Fenz-
tlaff, Defendant/Appellee.

No. 1 CA–CV 11–0797.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 27, 2013.

594

Rooney Law Firm, PLLC By Anne M. Brady, Phoenix, Attorneys for Plaintiff/Appellant.

Law Offices of Denise L. Siegenthaler by Darwin Y. Barney, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

BROWN, Judge.

¶ 1 The question before us is whether entry of a judgment in the small claims division of the justice court ("small claims court") may have claim preclusive effect on a subsequent lawsuit. For the following reasons, we

hold that a plaintiff who chooses to litigate a claim under the simplified procedures of small claims court may be barred by the doctrine of claim preclusion from bringing a second lawsuit based on the same claim alleged in the first lawsuit. Because the doctrine applies here, we affirm the superior court's order dismissing a complaint that involved the same negligence claim as a prior complaint filed in small claims court.

## BACKGROUND

¶ 2 Amy Wellman Peterson and Lou Ann Fentzlaff were involved in an automobile accident in November 2008. Peterson later sued Fentzlaff in small claims court, seeking $2500 and alleging that Fentzlaff "caused an accident that resulted in extensive damages" to Peterson's vehicle. Peterson also alleged she had seen a "neuromuscular massage therapist" for treatment associated with headaches and other pain in her neck, back, arms, and legs, and that further treatment would be required. Following a trial, the court granted judgment in favor of Peterson for $2500, the court's jurisdictional limit, plus court costs.

¶ 3 In November 2010, Peterson filed a lawsuit in superior court against Fentzlaff[1] for "expenses and compensation" for the November 2008 accident. Fentzlaff moved to dismiss for failure to state a claim, alleging that Peterson's claim was barred by the doctrine of claim preclusion[2] based on the prior adjudication in small claims court. After Peterson failed to file a timely response, the superior court granted Fentzlaff's motion. This appeal followed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1).

1. Shortly before Peterson filed her complaint in superior court, Lou Ann Fentzlaff passed away. Acting on behalf of Fentzlaff's estate, Brenda Newton responded to Peterson's complaint. Nonetheless, the superior court and the parties continued to refer to Fentzlaff as the defendant. Although Lou Ann Fentzlaff is no longer a party to this case, for ease of reference we refer to her estate generally as "Fentzlaff." On the court's own motion, we amend the caption to reflect the appointment of Brenda Newton as personal representative of the Estate of Lou Ann Fentzlaff as defendant/appellee in this appeal.

2. The parties refer to res judicata, but we use the term "claim preclusion." *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. and Source,* 212 Ariz. 64, 69, ¶ 14, 127 P.3d 882, 887 (2006) ("We deal today with the issue of claim preclusion, formerly referred to as res judicata.").

## DISCUSSION

¶ 4 We review a trial court's ruling on a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶ 7, 284 P.3d 863, 866–67 (2012). Dismissal is appropriate under Arizona Rule of Civil Procedure 12(b)(6) only when, as a matter of law, the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8, 284 P.3d at 867 (internal quotation omitted). To determine whether a complaint states a claim on which relief must be granted, "courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at 356, ¶ 9, 284 P.3d at 867. We are bound to affirm if the superior court was "correct in its ruling for any reason." *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 404 n. 7, ¶ 17, 142 P.3d 708, 712 n. 7 (App.2006).

¶ 5 In her motion to dismiss, Fentzlaff asserted that Peterson's lawsuit in superior court was barred under the doctrine of claim preclusion, which prevents a plaintiff from bringing a second lawsuit when a prior "judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7, 977 P.2d 776, 779 (1999). In Arizona, the doctrine rests on the long-accepted principle that "[i]t is against public policy to split a cause of action and to make two or more suits of it when one is sufficient." *Williams v. Williams*, 32 Ariz. 164, 168, 256 P. 356, 357 (1927); *see also Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 188 Ariz. 237, 241, 934 P.2d 801, 805 (App.1997) (noting that a purpose of the claim preclusion doctrine is "barring the splitting of claims"). To successfully assert the defense of claim preclusion, a party must prove: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Gila River*, 212 Ariz. at 69–70, ¶ 14, 127 P.3d at 887–88 (citing *Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).

¶ 6 In challenging the application of the claim preclusion doctrine, Peterson does not contest that these three elements are satisfied here. Rather, she argues that the claim preclusion doctrine should not be applied to a judgment obtained in small claims court. Alternatively, Peterson asserts the doctrine does not apply in this case because the personal injury damages she seeks exceeded the jurisdictional limit of small claims court.

¶ 7 Under Arizona law, the small claims court is intended to allow "inexpensive, speedy and informal resolution of small claims." A.R.S. § 22–501. The court has jurisdiction over "all civil actions in which the debt, damage, tort, injury or value of the personal property claims either by plaintiff or defendant does not exceed two thousand five hundred dollars[.]" A.R.S. § 22–503(A). Decisions from that court are not appealable and are "final and binding on both parties." A.R.S. § 22–519.

¶ 8 Peterson has not cited, and our research has not revealed, any authority suggesting that adjudication in small claims court is not subject to a claim preclusion defense. Absent such controlling authority, we generally look to the Restatement. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 201, ¶ 24, 165 P.3d 173, 179 (App.2007). The Restatement (Second) of Judgments ("Restatement") § 24(1) (1982) addresses the application of claim preclusion:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Comment g. to § 24 states that "[w]hen the plaintiff brings an action in [a court of limited jurisdiction] and recovers judgment for the maximum amount which the court can award, he is precluded from thereafter maintaining an action for the balance of his claim." Com-

ment g. also points out that "[t]he plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim." Restatement § 24 comment g.

¶ 9 In this case, Peterson voluntarily pursued her action against Fentzlaff in small claims court and that court entered a final judgment in her favor. Consistent with the Restatement, that judgment precluded Peterson from bringing a subsequent action in small claims court or superior court against Fentzlaff for injuries based on the same negligent conduct presented in the original action. *Id.* Furthermore, nothing in the record indicates that Peterson could not have originally decided to bring her negligence action in superior court. Peterson is not permitted, by subsequent lawsuit, to "harass [Fentzlaff] with more than one action for one wrong." *Malta v. Phoenix Title & Trust Co.*, 76 Ariz. 116, 119, 259 P.2d 554, 557 (1953).

¶ 10 Moreover, none of the exceptions to the general prohibition against claim splitting apply to Peterson. As relevant here, section 26(c) of the Restatement states that claim preclusion does not apply if "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority[.]" Comment c. to section 26 clarifies that exception, however, stating that it is generally focused on "formal barriers in the way of a litigant's presenting to a court in one action the entire claim[.]" In this case, no formal barriers prohibited Peterson from bringing her negligence action in superior court (or justice court) in the first instance.

¶ 11 Relying on *Clusiau v. Clusiau Enterprises, Inc.*, 225 Ariz. 247, 236 P.3d 1194 (App.2010), Peterson argues that a small claims court judgment should not be given preclusive effect because it is not appealable. In *Clusiau*, the plaintiff's husband had entered into an agreement with the defendant company in 1986 to pay plaintiff $350 per month until her death. *Id.* at 248, ¶ 2, 236 P.3d at 1195. The plaintiff received the payments per the agreement for twenty years

until October 2006, when the payments ceased. *Id.* In September 2007, the plaintiff sued the defendant in small claims court for breach of contract and was awarded $2400 in damages. *Id.* at ¶ 3. In May 2008, the plaintiff filed another suit in small claims court, this time seeking payments under the contract from October 2007 to April 2008. *Id.* at 248–49, ¶ 4, 236 P.3d at 1195–96. In the second action, the defendant denied liability and sought $50,000 in damages on a counterclaim. *Id.* Because the counterclaim sought damages in excess of the jurisdictional limit of the court, the case was transferred to superior court where the plaintiff moved for summary judgment on her claim for breach of contract, arguing that issue preclusion prevented the defendant from denying liability based on the prior judgment. *Id.* at ¶ 5. The trial court ruled in favor of the plaintiff. *Id.* at ¶ 6.

¶ 12 On appeal, this court reversed, holding that issue preclusion did not apply to the adjudication conducted in small claims court. *Id.* at 253, ¶ 26, 236 P.3d at 1200. We explained that because small claims court does not provide the same procedural protections as superior court, including the right to appeal, the small claims court judgment could not serve as the basis for offensive use of issue preclusion. *Id.* at 251–52, ¶¶ 14–20, 236 P.3d at 1198–99. Nonetheless, we left open the "possibility that a small claims court judgment may be afforded [issue preclusive] effect under different circumstances." *Id.* at 253, ¶ 26, 236 P.3d at 1200. Thus, contrary to Peterson's assertion, *Clusiau* did not create a *per se* rule prohibiting the application of issue preclusion to small claims adjudications.

¶ 13 Moreover, *Clusiau* dealt exclusively with issue preclusion. Unlike issue preclusion, claim preclusion does not require a determination of whether a particular issue was "actually litigated" or whether the parties had "a full and fair opportunity and motive" to litigate that issue. *Clusiau*, 225 Ariz. at 249, ¶ 9, 236 P.3d at 1196; *see also Gila River*, 212 Ariz. at 69–70, ¶ 14, 127 P.3d at 887–88. Additionally, in reaching our conclusion in *Clusiau*, we relied on section 28(1) of the Restatement, which relates to excep-

tions to the general rule of issue preclusion, and states that issue preclusion may not apply when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action[.]" In section 26 of the Restatement, which pertains to "exceptions to the general rule concerning splitting," there is no similar prohibition. Because *Clusiau* dealt with a separate doctrine and was based on different practical considerations, we do not find it controlling here.

¶ 14 Our conclusion in this case comports with the majority of jurisdictions that have addressed the issue. *See, e.g., Vincent v. Clean Water Action Project,* 939 P.2d 469, 473 (Colo.App.1997) (concluding that judgment in a court of limited jurisdiction "precludes later litigation of the same issues that were or could have been brought"); *Orselet v. DeMatteo,* 206 Conn. 542, 539 A.2d 95, 99 (1988) (finding claim preclusion prevented a subsequent action for personal injuries when a prior small claims judgment had awarded repair costs); *Hindmarsh v. Mock,* 138 Idaho 92, 57 P.3d 803, 806 (2002) (holding that claim preclusion applies to small claims court adjudication and that "judicial economy is not served by encouraging resolution of property claims in small claims court and other claims in district court"); *Bagley v. Hughes A. Bagley, Inc.,* 465 N.W.2d 551, 554 (Iowa App. 1990) (finding that because "the small claim and the district court actions both arose out of the same transaction ... [the district court case] fit squarely under the doctrine of claim preclusion"); *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo.Ct.App.1991) (holding that "[i]f small claims court judgments do not have claim preclusive effect, then small claims courts become a false forum and these policy objectives are not met"); *contra Isaac v. Truck Serv., Inc.,* 253 Conn. 416, 752 A.2d 509, 516 (2000) (deviating from general rules of claim preclusion and finding that in the unique circumstances of an automobile accident, a subsequent action for personal inju-

ries was not barred after an initial small claims adjudication solely for property damages).

¶ 15 With no supporting authority, Peterson also argues that because her actual personal injury damages exceeded the jurisdictional limit of the small claims court, she could not have brought her personal injury claim there in the first instance, which means claim preclusion cannot apply.[3] Contrary to Peterson's assertion, a decision to pursue an action in small claims court is often tactical, presumably based on the recognition that by forgoing the possibility of a higher award in a different court, as well as the right to appeal from an adverse judgment, the plaintiff may obtain a prompt, economical, and final resolution of a dispute. Thus, while Peterson's actual damages may have exceeded the jurisdictional limit of the small claims court, that fact alone did not prohibit her from pursuing her negligence claim there.[4]

¶ 16 In sum, by holding that claim preclusion applies here, we emphasize Peterson's intentional decision to initially pursue her case in small claims court. What flows from Peterson's decision, then, is that Fentzlaff should not be compelled to relitigate the dispute simply because she acquiesced in the first instance to resolving the case in small claims court. Such a policy would run afoul of the small claims court's stated purpose of allowing the inexpensive, speedy, and final resolution of legal disputes, A.R.S. § 22–501, as well as Arizona's longstanding presumption against splitting of claims. *See Williams,* 32 Ariz. at 168, 256 P. 356 at 357; *see also* Restatement § 24 comment g (explaining that the prohibition of claim splitting applies when "a court of general jurisdiction was available to the plaintiff in the same state—where he could have sued for the entire amount").

## CONCLUSION

¶ 17 Based on the foregoing, we hold that when, as here, a plaintiff chooses to bring a

---

**3.** Peterson's argument is belied by her position in the superior court and on appeal that she pursued her action in small claims court even though her *property* damages exceeded the jurisdictional limit.

**4.** We recognize, however, that if Peterson had actually alleged damages greater than $2500, she would not have been permitted to pursue her claim in small claims court. *See* A.R.S. § 22–503.

suit in small claims court, the doctrine of claim preclusion bars the plaintiff from seeking additional recovery on the same claim in a later action. We therefore affirm the superior court's order dismissing Peterson's complaint.

CONCURRING: ANDREW W. GOULD, Judge, and DONN KESSLER, Judge.