**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL DEAN HARRIS,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>ARIZONA BOARD OF REGENTS; et al.,<br><br>            Defendants-Appellees. | No. 17-16918<br><br>D.C. No. 2:16-cv-04029-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Russell Dean Harris appeals pro se from the district court's judgment

dismissing as barred by res judicata his action arising under Title II of the

Americans with Disabilities Act.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal on the basis of res judicata.  *Mpoyo v. Litton*

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Harris's requests for oral argument are denied.

*Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We reverse and remand.

The district court erred in dismissing Harris's action as barred by the doctrine of res judicata because defendants failed to establish that the state court action resulted in a final judgment on the merits. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (federal courts look to state law to determine the preclusive effect of a state court judgment); *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (setting forth elements of res judicata under Arizona law). Specifically, defendants failed to establish that the state court did not dismiss Harris's action for lack of subject matter jurisdiction, which would not constitute an adjudication on the merits under Arizona law. *See* Ariz. R. Civ. P. 41(b) (a dismissal for lack of jurisdiction is not an adjudication on the merits).

In light of our disposition, we do not consider Harris's contentions concerning leave to amend.

Harris's pending motions (Docket Entry Nos. 6 and 14) are denied.

**REVERSED and REMANDED.**

17-16918