**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH SACHS,

              Plaintiff-Appellant,

  v.

JAMES F. WEES,

              Defendant-Appellee.

No. 22-16220

D.C. No. 2:22-cv-00655-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

      Kenneth Sachs appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of state child custody

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

district court's dismissal under Fed. R. Civ. P. 12 on the basis of claim preclusion.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Sachs's action as barred by the doctrine of claim preclusion because Sachs raised identical claims in his prior state court action, which involved the same parties and resulted in a final judgment on the merits. *See Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003) (federal court must follow state's preclusion rules to determine effect of a state court judgment); *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (setting forth elements of claim preclusion under Arizona law); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81-84 (1984) (preclusive effect applies to state court judgments on § 1983 claims).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-16220