NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KENNETH GIERSZ, *Plaintiff/Appellant*,

*v.*

WALMART, INC., *Defendant/Appellee*.

No. 1 CA-CV 23-0543
FILED 05-30-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-012235
The Honorable Randall H. Warner, Judge
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

---

COUNSEL

Kenneth Giersz, Glendale
*Plaintiff/Appellant*

Thomas Rubin & Kelley, PC, Phoenix
By Michael G. Kelley, April A. Hancock
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

**¶1** Kenneth Giersz appeals the superior court's orders, denying his request to amend his complaint and granting Walmart, Inc. ("Walmart")'s motion to dismiss the complaint. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** In October 2019, at Giersz's direction, his employee, Joseph E. James, Jr., took a company-owned vehicle, a 2015 Ford Fiesta, to Walmart Auto Center in Glendale for an oil change. A few days later, the engine in the Fiesta seized and had to be replaced. In February 2020, James, not Giersz, filed a complaint in superior court against Walmart, alleging negligence.

**¶3** Walmart moved to dismiss James's complaint for failure to prosecute, and in December 2020, the superior court dismissed the complaint with prejudice.

**¶4** In September 2022, Giersz filed a complaint against Walmart, Inc., alleging negligence for the same oil change it did on the Ford Fiesta in October 2019. Giersz's allegations were nearly identical to James's allegations.

**¶5** Walmart moved to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing the two-year statute of limitations barred Giersz's property damage claim. Giersz objected and requested leave to amend the complaint and add contract claims.

**¶6** After oral argument, the superior court found that the superior court's dismissal with prejudice of the lawsuit brought by James against Walmart precluded Giersz's lawsuit against Walmart. Accordingly, it found Giersz's request to amend the complaint was futile and dismissed the complaint.

**¶7** Giersz timely appealed after the superior court entered a final judgment under Rule 54(c). We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), -2101.

## DISCUSSION

**¶8** To begin, we note that Giersz's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(4) requires a "statement of the case" containing appropriate references to the record. ARCAP 13(a)(5) requires a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record." ARCAP 13(a)(6) requires a "statement of the issues presented for review." ARCAP 13(a)(7) requires an argument section setting forth the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," and "the applicable standard of appellate review with citation to supporting legal authority." This court may dismiss an appeal when the appellant fails to comply with the rules. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).

**¶9** The opening brief's statement of facts and statement of the case contain no references to the record. The statement of the issues does not list any issues but refers this court to the transcript of the oral argument in superior court. The argument section has no citations to the record or legal authority.

**¶10** Even if we were to overlook the deficiencies of the opening brief, we find no error. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012). Dismissal is appropriate under Rule 12(b)(6) only when, as a matter of law, the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (citation and internal quotation marks omitted). We "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at 356, ¶ 9.

**¶11** The superior court found that Giersz's lawsuit was barred by the doctrine of claim preclusion, which prevents a plaintiff from bringing a lawsuit when a prior final "judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 5 (App. 2013) (citations and

internal quotation marks omitted). "To successfully assert the defense of claim preclusion, a party must prove: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Id.* "Examples of persons in privity include employers and employees, principals and agents, and indemnitors and indemnitees." *Corbett v. ManorCare of America, Inc.*, 213 Ariz. 618, 630, ¶ 40 (App. 2006).

**¶12** Here, Giersz admits that James was Giersz's employee, James took the vehicle to Walmart for a routine oil change at Giersz's direction, and James later filed a civil complaint regarding the damage to Giersz's vehicle because James felt responsible for that damage. The instant lawsuit involved the same vehicle as the James lawsuit and the same allegations regarding the work done by Walmart. Although the James lawsuit was dismissed for failure to prosecute, there was a final judgment on the merits in that case. Rule 41(b) provides:

> If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal order under this Rule 41(b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

And although the first lawsuit was brought by James and the second lawsuit by Giersz, the two were in privity because Jones was Giersz's employee. *See Corbett*, 213 Ariz. at 630, ¶ 40. Giersz makes no argument challenging the superior court's finding that, because of their employer/employee relationship, the two were in privity. The superior court did not err in granting Walmart's motion to dismiss.

**¶13** Walmart requests attorneys' fees and costs pursuant to A.R.S. § 12-341.01. In our discretion, we deny the request. As the prevailing party, Walmart is entitled to costs upon compliance with ARCAP 21(b). *See* A.R.S. § 12-341.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: TM